Susannah S. McCurley *vs.* Henry Stockbridge and Felix McCurley, Administrators d. b. n. c. t. a. of James McCurley.

John H. Handy, and William T. Roberts *vs.* Same.

*Wife's Counsel Fees in suit for Divorce—Liability of Estate of deceased Husband for such Fees at suit of Counsel, and Non-liability at suit of Widow.*

A widow cannot maintain an action against the administrator of her deceased husband, for the amount of the fees charged by her counsel for prosecuting a suit against him for a divorce *a mensa et thoro*, pending which suit he died.

But counsel themselves are entitled to recover from the administrator of the deceased husband, reasonable fees for services rendered the wife in a suit against the husband for a divorce, if it be made to appear affirmatively that the suit was reasonably and justifiably instituted.

Appeals from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was submitted to Alvey, C. J., Stone, Robinson, Irving and Bryan, J.

*William T. Roberts,* and *John H. Handy,* for the appellants.

*Samuel Snowden,* and *Henry Stockbridge,* for the appellees.

Alvey, C. J., delivered the opinion of the Court.

The question in these cases is raised by demurrer to the declarations. In the one case, the widow sues to recover

of the administrators of her deceased husband a sum with which to pay counsel fees for prosecuting a suit for divorce from her husband in his life-time, but which proceeding never reached a decree, in consequence of the death of the husband. In the other case, the action is by the attorneys themselves to recover of the administrators of the deceased husband reasonable compensation for services rendered the wife in the divorce suit, as for necessaries supplied to her.

1. As to the action by the wife, we know of no principle upon which it can be maintained. The action is not for alimony that has been awarded to the wife during the life-time of the husband, nor is it for money paid by the wife to the use of the husband, in discharge of an obligation imposed upon him by an order of Court. But the claim sued on is for $900, the amount demanded of the plaintiff by her counsel, and which she seeks to recover in her own right, that she may be enabled to meet the demand. It is clear, we think, that whatever implied assumpsit may have arisen on the part of the husband to pay counsel fees for services rendered in the divorce proceedings at the instance of the wife, such implied assumpsit was not raised to the wife, and she can have no right to maintain an action for any such claim. The Court below sustained the demurrer to the declaration in this case, and this Court fully concurs in that ruling.

2. As to the action by the attorneys, that stands upon different principles. The declaration alleges the employment of the plaintiffs by the wife; the institution of the proceedings by her for a divorce *a mensa et thoro* from her husband; the prosecution of the suit until the same became abated by the death of the husband; and that the services *were necessary and reasonable* for the wife, and were rendered during the life-time of the husband. The facts thus alleged are admitted by the de-

murrer, and the question is, whether there was any implied obligation or assumpsit on the part of the husband to pay for the professional services rendered for and at the instance of the wife?

That a husband is liable for the necessaries supplied to a wife who, without fault or legal provocation, has been compelled to leave or is justified in leaving him, and live separate and apart from him, is a proposition not disputed. But the question here is, whether the services sued for in this case can be regarded as necessaries supplied to the wife, and for which she had power to contract on the credit of her husband.

It has long ago been held, that where a wife was turned out of doors and threatened by her husband, and she employed an attorney to exhibit articles of the peace against him, the husband was liable to the attorney for the payment of his charges; for, as was said by the Court, whenever the husband by his conduct compels the wife to appeal to the law for protection, she may charge him for the necessary expense of the proceeding as much as for necessary food or raiment; and her solicitor may sue for his proper charges. *Shepherd vs. Mackoul,* 3 *Camp.,* 326; *Turner vs. Rookes,* 10 *Ad. & Ell.,* 47. And so it has been held that the husband's estate was liable for preliminary expenses incidental to a suit for the restitution of conjugal rights, instituted by the wife, but before the suit came to a hearing the husband died, and no decree, therefore, was ever pronounced. *Wilson, et al. vs. Ford, L. R.,* 3 *Exch.,* 63. In this last case cited, CHANNELL, B., said: "I think, that where a suit was instituted, as it was here, for restitution of conjugal rights, and for alimony *pendente lite,* the expenses in relation to it were necessary to her as wife, and such as she was justified in incurring." And for costs and expenses necessarily incurred by the wife in filing a petition for judicial separation, although the peti-

tion was not proceeded with, it was held the husband was liable. *Rice vs. Shepherd*, 12 *C. B., (N. S.,)* 332.

In the case of *Brown and Hotham vs. Ackroyd*, 5 *El. & B.*, 819, it was held that the proctor was not entitled to recover his costs for instituting proceedings for a divorce *a mensa et thoro*, because it did not appear that there was reasonable ground for the proceeding, that being necessary to entitle the wife to pledge her husband's credit for the costs of such proceeding; but it was fully conceded, and held by the Court, that if that fact had appeared, the husband would have been liable. And in the case of *Stocken vs. Patrick*, 29 *L. T. Ex., (N. S.,)* 507, where it appeared that the wife had good ground for instituting a suit for separation, because of the cruelty of her husband, and her attorney having brought suit for a divorce on the ground of adultery and cruelty, which was compromised by an agreement for a deed of separation, the solicitor was held entitled to sue and recover of the husband for his costs as between attorney and client, including the costs as between attorney and client in the divorce suit. And so in the recent case of *Ottaway vs. Hamilton*, 3 *C. P. Div.*, 393, on appeal, it was held that a solicitor employed by the wife to take proceedings against her husband to obtain a divorce on the ground of cruelty and adultery, was entitled to sue and recover of the husband for extra costs, that is, costs reasonably incurred by him beyond the costs taxed and allowed as between party and party. In that case, Lord Justice BRAMWELL, in the course of his judgment put the case we are now considering. "Suppose, said he, a husband were to die after the petition was filed, but before the decree could be pronounced against him, would not the common law liability of his estate for the costs incurred by his wife continue in full force? I therefore think that the power of the wife to pledge her husband's credit remains unimpaired." And

in conclusion he said: "Subject to the question whether they (the costs) have been justifiably incurred, the defendant is bound to pay them, just as if he had retained the plaintiff to act as his solicitor." But it is a condition of the right to recover that it be made to appear affirmatively that the suit of the wife against the husband was reasonably and justifiably instituted. *Hooper, in re,* 2 *De G., J. & S.,* 91; *Brown and Hotham vs. Ackroyd,* 5 *El. & B.,* 819.

In this State it has never been otherwise than that the husband has been required to pay the reasonable counsel fees for services rendered the wife in suits for divorce. The amount allowed has always depended largely upon the circumstances of the case, and the pecuniary resources of the parties. *Ricketts vs. Ricketts,* 4 *Gill,* 105. The law upon this subject as settled in several of the American States is at variance with that of England, and according to the decisions of the Courts of those States, this action could not be maintained. But the principle of the English decisions would seem to be more in consonance with our own practice, and we shall therefore follow them. We think the demurrer to the declaration in this case should have been overruled; and we must therefore reverse the judgment.

The judgment in the case of Mrs. McCurley is affirmed, and that in the case of John H. Handy and William T. Roberts is reversed, and the cause remanded.

*No. 85 affirmed, and No. 86 reversed,* .
*and cause remanded.*

(Decided 19th June, 1884.)