PRESTON v. JOHNSON.

1. **Divorce**: WIFE AGAINST HUSBAND: DISMISSAL OF ACTION: LIABILITY OF HUSBAND FOR ATTORNEY'S FEES. Where a wife employs an attorney to begin an action for divorce against her husband, and the attorney begins such action in good faith, upon the wife's verified statement of facts which, if true, would entitle her to a divorce, and the action is afterwards dismissed, *held* that the attorney may recover his fees of the husband, without proving that the wife was in fact entitled to a divorce.

*Appeal from Linn Circuit Court.*

TUESDAY, DECEMBER 9.

THE plaintiff is a lawyer, and commenced an action against the defendant for divorce. The defendant's wife was plaintiff in the action, which was dismissed by the parties thereto. This action was brought to recover for services rendered in the divorce proceeding. Trial by jury, judgment for the plaintiff, and defendant appeals.

*Stoneman, Rickel & Eastman*, for appellant.

*Preston Bros.*, for appellee.

SEEVERS, J.—I. The amount claimed in the pleadings being less than $100, the trial judge has certified the following questions to be determined by this court: "In an action at law against a husband, on an implied promise to pay for professional services rendered for his wife in an action by her for divorce, does the necessity for such services, or the implied promise therefrom by the husband to pay for same, arise, when the verified allegations of the wife, with sufficient corroborating testimony of others, would, without conflicting testimony, entitle the wife to a divorce? or, to establish such necessity for professional services on the implied promise to pay for same by the husband, is it required that the truth of the allegations, sufficient to entitle the wife

to a decree, must be established by a preponderance of the testimony?"

Counsel for the appellant insist that an implied promise on the part of the husband to pay for the services of an attorney employed by his wife to prosecute an action for divorce does not arise under the circumstances stated in the foregoing question. To this counsel for the appellee responds that no such question is presented by the record; and this, we think, is so. It is assumed in the question propounded that an implied liability is imposed on the husband to pay an attorney employed by his wife to prosecute an action for a divorce. We are simply asked whether the necessity for the services of the attorney would arise under the facts stated in the question. This proposition must be answered in the affirmative. We think, conceding the facts stated in the question propounded to be true, that a *prima facie* case for a divorce would be made out, which would justify an attorney in instituting the action. The necessity for his services would then arise.

II. The question under consideration seems to embrace this further proposition: whether the plaintiff in this case, in order to recover, must establish that the defendant's wife, in the action for a divorce, was entitled to a decree. In other words, the proposition is whether the attorney who commences an action for a divorce for a wife against her husband is bound to establish, before he can recover from the husband for his services, that the wife was entitled to a divorce. This question must be answered in the negative.

Conceding, as we must, that there is an implied liability imposed on the husband, we think that the attorney is entitled to recover for his services, when he acts in good faith, and there is no evidence of collusion, or that the action was brought for the purpose of oppression, and not to vindicate a right.

AFFIRMED.