Clyde v. Peavy.

AFFIRMED.

---

## CLYDE v. PEAVY.

1. **Husband and Wife: ACTION FOR DIVORCE: HUSBAND'S LIABILITY FOR WIFE'S ATTORNEY FEES.** It is the settled doctrine in this state that in actions for divorce the husband is liable to the wife's attorney for his reasonable fees earned in conducting the litigation in her behalf (*Porter v. Briggs*, 38 Iowa, 166 ; *Preston v. Johnson*, 65 Iowa, 285) ; and the rule applies not only to the wife's chief counsel, but also to assistant counsel properly employed by him under her directions.

2. ———— : ———— : **INTERLOCUTORY ALLOWANCES FOR WIFE'S ATTORNEY FEES : HUSBAND'S FURTHER LIABILITY.** Orders made pending an action for divorce, making allowances to the wife for attorney fees, are not final adjudications of the amount to which her attorneys are entitled for their services, and the fact that the husband has paid all such allowances is not a good defense to an action by one of her attorneys against him for the reasonable value of services not covered by such allowances.

*Appeal from Mitchell District Court.*—HON. G. W. BURDICK, Judge.

FILED, MARCH 8, 1888.

THE plaintiff, who is an attorney-at-law, seeks by this action to recover for legal services rendered in an action for divorce brought by the defendant against his wife, and in which action the legal services in question were rendered in behalf of the wife. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.

*J. M. Moody* and *M. M. Browne*, for appellant.

*W. L. Eaton* and *J. F. Clyde*, for appellee.

ROTHROCK, J.—I. The action for divorce in which the legal services in question were rendered was com-

1. HUSBAND and wife: action for divorce: husband's liability for wife's attorney fees.

menced at the October term, 1885, of the district court of Mitchell county. The petition for divorce charged the wife of the defendant with the crime of adultery, and with such cruel and inhuman treatment as to endanger his life. The defendant's wife filed a cross-petition, in which she claimed a divorce upon the ground of cruel and inhuman treatment. The cause was continued, and the venue thereof was changed to the circuit court, where a full trial was had, and on the fourth day of September, 1886, a final decree was rendered, by which both the petition for divorce and the cross-bill were dismissed as not being sustained by the proof. The evidence shows that, when the action for a divorce was commenced, the defendant therein employed W. L. Eaton as counsel, and that in connection with such employment she authorized said Eaton to employ assistant counsel, if in the progress of the case he should be of the opinion that assistance was necessary. In pursuance of this authority, Eaton associated the plaintiff herein with him, and they together conducted the litigation in behalf of the wife. The principle has been established in this state that in actions for divorce the husband is liable to the wife's attorney for reasonable fees earned in conducting the litigation in behalf of the wife. This cannot be regarded as an open question.

*Porter v. Briggs*, 38 Iowa, 166; *Preston v. Johnson*, 65 Iowa, 285. The defendant concedes this general proposition; but in his answer denies that the plaintiff was in the employ of the defendant's wife, and that if he performed any legal services they were wholly unnecessary; that his assistance was not required, and that, therefore, the defendant is not liable therefor. This was a good defense to the action. But the evidence upon the trial shows without conflict that the services rendered by the plaintiff were necessary, and the objection made that the plaintiff was not employed by a contract made by the wife in her own person appears to us to be without merit. It was clearly within her power to employ her leading counsel, and authorize him to determine whether assistance was necessary; and, if he should be of opinion that it was, to select some one to act as co-counsel with him. And the proof shows that she consulted and advised with the plaintiff and Eaton during the litigation, and there is no evidence that Eaton acted in bad faith in employing assistance.

II. But the defendant set up other defenses in his answer, which present the main questions in the case, and which we will now proceed to consider. It appears from the answer, and certain interlocutory orders exhibited with it, that at the term at which the action for divorce was commenced, the defendant's wife, by W. L. Eaton, her attorney, made an application to the court for a sufficient sum of money to enable her to defend said action, employ counsel, procure the attendance of witnesses, etc. This motion was sustained, and the following order was made: "Defendant is allowed fifty dollars for her support pending the suit, and the further sum of one hundred dollars attorney's fees, and to prepare and present her defense." The amounts named in the order were paid by the defendant. At the January term, 1886, of the court, another application was made for her support until the final decision of the case. Upon this application an order was made, which

2. ——: ——: interlocutory allowances for wife's attorney fees: husband's further liability.

is as follows,: "It is ordered that the plaintiff pay the entire expense of taking, transcribing and producing the evidence in this case. Not, however, the expense of defendant's attorneys, unless further ordered, except as heretofore ordered." The defendant claims in his answer that this application, and a subsequent one which was made, was for attorney's fees as well as for alimony proper. But the record, which is exhibited with the answer, shows that no application was made for attorney's fees after the one in which the one hundred dollars was allowed. It is claimed in the answer that these allowances or orders made by the court are a full and final adjudication of the question of attorney's fees, and that the plaintiff is thereby estopped from further litigation upon that subject. The court below was of a different opinion, and a demurrer to the answer was sustained, and we are asked to reverse the judgment because it is claimed that the court erred in holding that the answer did not show that the claim was adjudicated. Orders made for temporary alimony for the support of the wife and for attorney's fees, or suit money, as it is sometimes called, are not like ordinary money judgments. They cannot, in the very nature of things, be regarded as final adjudications as to the rights of the parties. These orders are usually made to continue from term to term, for the reason that it is impossible to determine at the beginning what the necessities of the litigation may require. It may continue for years, and the court cannot determine in advance that any named sum of money ought to be a full allowance for all purposes. This being the nature of the proceeding, no mere temporary order can be said to be a final adjudication. Additional allowances may be made from time to time. We are clearly of the opinion that the court correctly sustained the demurrer to the answer. We discover no other alleged error which we think it necessary to discuss, and we are united in the opinion that the judgment ought to be

AFFIRMED.