READ & READ, Appellant, v. JOHN W. DICKINSON.

**Marriage and divorce:** ATTORNEY'S FEES. The attorney for a wife in an action for separate maintenance may recover of the husband for services rendered in her defense to his cross-action for divorce, even though the action is dismissed by the parties.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

THURSDAY, MARCH 9, 1911.

SUIT to recover for services as attorneys for the de-

fendant's wife. A demurrer to the petition was sustained, and the plaintiff appeals. *Reversed.*

*Read & Read,* for appellant.

*Franklin Brown* and *D. G. Baker,* for appellee.

SHERWIN, C. J.—Lena M. Dickinson was the wife of the defendant herein. In November, 1908, she employed the plaintiff firm to begin and prosecute an action for separate maintenance on the ground of cruel and inhuman treatment. The plaintiff firm prepared and filed a petition for her, asking separate maintenance and secured an attachment which was levied on the defendant's property. Soon thereafter the defendant filed his cross-petition, asking a divorce from his wife, Lena M. Dickinson, on the grounds of adultery, cruel and inhuman treatment and habitual drunkenness. The issues thus presented were never tried; the defendant and his wife joining in a dismissal of the action. The petition of the plaintiff herein alleged that the plaintiff performed legal services for the wife which were necessary for her protection and the defense of her good name and reputation in "an action then pending in the district court of Polk county, Iowa, wherein the said defendant, John W. Dickinson, was seeking a divorce from said Lena M. Dickinson," on charges of "adultery, cruel and inhuman treatment, drunkenness, and other scandalous things," and that said legal services were furnished in good faith, and that all of the services and expense for which suit was brought were rendered and incurred in defense of the grounds for divorce alleged by said John W. Dickinson in his cross-bill for a divorce. If the allegations of the petition are true, and the demurrer admits the truth thereof, there can be no question as to the right of the plaintiff to recover from this defendant. The case made by the petition is within

the rule announced in *Porter v. Briggs,* 38 Iowa, 166; *Clyde v. Peavy,* 74 Iowa, 47; *Preston v. Johnson,* 65 Iowa, 285; *Baker v. Oughton,* 130 Iowa, 35.

The fact that the parties jointly dismissed the action can make no difference with the plaintiff's right to recover. The charges had been made against the wife and made public. She had the right to defend against the charges in the cross-action and to employ counsel for that purpose, and whatever services were rendered her by the plaintiff in preparing her defense before the action was dismissed the defendant is liable for under the rule of the cases cited. The very fact of the dismissal of the cross-bill is evidence of its want of merit. The allegations of the petition present a case entirely different from those relied upon by the appellee, which are *Sherwin v. Maben,* 78 Iowa, 467; *Stockman v. Whitmore,* 140 Iowa, 378; *Gordon & Belsheim v. Brackey,* 143 Iowa, 102, and similar cases.

The demurrer should have been overruled, and the judgment is therefore *reversed.*