B. I. WICK, Appellee, v. MARTIN BECK, Appellant.

DIVORCE: Liability of Husband for Legal Services for Wife— Necessity for Protecting Wife. The liability of a husband, in an independent action, for legal services rendered for the wife in divorce proceedings rests essentially on the fact of a "necessity for the protection of the wife." Unless this "necessity" is made to appear in some manner, no recovery can be had against the husband. It is not "necessary" for the protection of a wife that she be defended against charges of misconduct which are true.

PRINCIPLE APPLIED: Independent action against .a husband for legal services rendered the wife in divorce action. Cause ruled on demurrer to petition containing following allegations:

"That the wife brought action for divorce; that the husband filed answer and cross-petition; (the grounds alleged by the parties do not appear, except that those alleged by the husband were 'such as to injure the name and standing of the wife'); that, in addition to the services performed in the bringing of her action, the attorney prepared and filed, at the wife's request, a motion asking that the cross-petition be made more specific; that he likewise prepared for her an answer to the cross-petition, rendered consultation services and looked up her evidence; that thereupon, the wife, without the knowledge of her attorney, withdrew her appearance, and a divorce was granted to the husband; that the said attorney acted in good faith in bringing the action and performing the services for the wife; that the wife had a good cause and sufficient grounds for a divorce from her husband; that said services were necessary for the protection of the good name and reputation of the wife and to procure for her from the husband means of support and maintenance, said husband having refused to provide her with the necessaries of life."

The lower court ruled that plaintiff (the attorney) could not recover of the husband for the services rendered in the wife's original action, but could recover for the services rendered with respect to the cross-petition. The latter services alone were involved in the appeal. *Held*, the petition not only (a) did not reveal any "necessity for the protection of the wife" but (b) revealed the contrary.

Note: The truth of the charges against the wife, evidenced (a) by her instant withdrawal from the case after they were filed, and (b) by the granting of the decree thereon to the husband, is the deciding factor in the construction placed on the petition.

EVANS, J., specially concurs. DEEMER, C. J., WEAVER and SALINGER, JJ., dissent.

*Appeal from Superior Court of Cedar Rapids.*—HON. C. B. ROBBINS, Judge.

WEDNESDAY, JULY 28, 1915.

ACTION by an attorney to recover for legal services rendered the defendant's wife in an action for a divorce brought

by the husband against the wife, in which the husband established the grounds alleged for a divorce to be true. From a judgment in favor of the plaintiff for the value of such services, defendant appeals.—*Reversed.*

*M. P. Cahill* and *Lewis Heins,* for appellee.

*Crosby & Fordyce,* for appellant.

Gaynor, J.—This is an action to recover for legal services rendered defendant's wife in an action commenced by her against her husband. The petition alleges:

1. Divorce: liability of husband for legal services for wife: necessity for protecting wife.

"That on or about August 14, 1912, this plaintiff was consulted in a professional capacity by Ellen F. Beck with reference to the securing of a divorce for the said Ellen F. Beck from this said defendant. That thereafter, and on or about the 22d day of August, 1912, this plaintiff brought an action for divorce for the said Ellen F. Beck, and against the said Martin Beck, in the district court of Linn county, Iowa. That thereafter and on or about the first day of September, 1912, there was filed by the defendant in said divorce action, an answer and cross-petition; that afterward, on or about September 5, 1912, there was prepared and filed a motion to make more specific, directed against the answer and cross-petition so filed, and thereafter this plaintiff prepared for the said Ellen F. Beck, and at her instance, an answer to the cross-petition of the said Martin Beck. That afterwards the said Ellen F. Beck withdrew her appearance in the said divorce action, as this plaintiff is now informed, but of which fact he had no knowledge at said time, and a decree of divorce was rendered in favor of the defendant on his said cross-petition. That the allegations of the said cross-petition were such as to injure the name and standing of the plaintiff, Ellen Beck, in said divorce action, and that the plaintiff herein acted in good faith in bringing the said action for divorce for

the said Ellen F. Beck; was then of the belief, and now states the fact to be that the said Ellen F. Beck had a good cause and sufficient grounds for a divorce from her husband, the defendant herein; that all professional services, as above set out, were rendered by this plaintiff in good faith and upon the request, and at the instance of the then wife of the defendant herein; that said services were necessary for the protection of the good name and reputation of the said Ellen F. Beck, and to procure for her from this defendant means of support and maintenance, said defendant having refused to provide her with the necessaries of life, and having notified grocers and others dealing in necessaries to refuse to his said wife the right to purchase on his credit.

"That the services rendered in behalf of said Ellen F. Beck were reasonably of the value of $200, and a more particular statement of the nature of the services performed and the value thereof, is the following, to wit:

| | |
|---|---:|
| August 14, 1912, to consultation and retainer | $25.00 |
| To office consultation August 15, 16, 17 | 30.00 |
| August 21, to drawing petition | 25.00 |
| September 3, reading cross-petition and preparing motion to make more specific | 40.00 |
| September 4, 5, office consultation | 20.00 |
| To looking up evidence, consultation, preparing answer to cross-petition | 60.00 |

"That demand has been made by this plaintiff upon the said defendant, Martin Beck, and also upon the said Ellen F. Beck, but that neither party has paid the said sum or any part thereof, and that the total amount thereof is due and unpaid, and that the said claim for services is the property of this plaintiff. Wherefore, plaintiff asks judgment according to the prayer of his original petition against the said Martin Beck in the sum of $200, with interest at the rate of six per cent. from December 24, 1913, and for his costs and disbursements in this action."

The defendant filed to plaintiff's petition the following demurrer:

(1) That the allegations of the petition do not entitle the plaintiff to the relief demanded.

(2) That it is shown by said petition that the services claimed for were performed at the instance of Ellen F. Beck, and not at the instance of the husband.

(3) That the petition shows that it has been adjudicated that Ellen F. Beck had no valid cause for divorce.

(4) That the petition further shows that the allegations of the cross-petition of Martin Beck were true, and that Martin Beck was entitled to a divorce.

(5) That the petition shows affirmatively that the services rendered were not necessary, but, on the contrary, were unnecessary.

The demurrer being submitted, the court sustained it as to the first three items of plaintiff's petition, and overruled it as to the last three items, thereby holding that the plaintiff could not recover for services rendered in the action for a divorce commenced by the plaintiff, but could recover for services rendered in the defense of the cross-petition. The defendant elected to stand upon the demurrer and judgment was rendered for the plaintiff against the defendant, for the amount of the last three items, to wit, $120. Defendant alone appeals.

The question here is whether or not, under the allegations of this petition, the plaintiff is entitled to recover for services rendered in the defense of the cross-petition. The petition filed by the plaintiff does not state on what grounds Mrs. Beck sought a divorce from her husband. The only allegation is that she filed a petition in which she asked a divorce. Upon the filing of such petition, the defendant appeared and filed an answer and cross-petition, in which he asked affirmative relief against the plaintiff. The petition does not show the grounds on which defendant sought in his cross-petition to obtain a divorce from his wife. It appears that the attor-

ney for Mrs. Beck filed a motion to require the cross-petition
to be made more specific. It does not appear whether this
motion was sustained or overruled. After the filing of such
motion, the plaintiff, as attorney for Mrs. Beck, prepared an
answer to the cross-petition, but it does not appear that this
was filed. Thereupon, Mrs. Beck withdrew her appearance
in the divorce action without consulting the plaintiff herein,
and a decree of divorce was rendered against her upon de-
fendant's cross-petition. As to the right of the plaintiff to
recover for services rendered Mrs. Beck, in the original pro-
ceeding commenced by her, we are not concerned, for the rea-
son that the plaintiff has not appealed, and the judgment of
the court, therefore, stands as a verity against his right to
so recover. The only question for our consideration is whether
or not the plaintiff is, under the showing made, entitled to
recover for the services rendered in defense of the cross-
petition.

The plaintiff in this suit does not state what the allega-
tions were on which the defendant founded his right to a
divorce on the cross-petition. He assumes to say, and gives
it as his opinion, that the allegations were such as to injure
the name and standing of Ellen Beck; that he rendered the
services at her request; that the services were rendered in
good faith; that they were necessary for the protection of the
good name and reputation of the wife. The further allega-
tions that it was necessary to procure for her the means of
support and maintenance, that the defendant had refused
to provide his wife with the necessaries of life, and had no-
tified grocers and others to refuse his wife credit, relate to
the necessity for commencing the original proceeding, and so
avail the plaintiff nothing here.

But two questions are presented on this appeal: First,
whether, under the facts stated, the lower court should have
allowed the recovery against the defendant for legal services
furnished, under the facts stated in the petition which are
admitted by the demurrer; second, whether appellee's peti-

tion is sufficient in its statements of fact to constitute a good cause of action.

The right of a wife to employ counsel at the expense of her husband, in the prosecution of a suit for divorce against him, has been before this court for consideration in many cases. In *Johnson v. Williams,* 3 G. Greene, 97, it was squarely held that a husband is not liable by mere implication of law to an attorney for services rendered to his wife in obtaining a divorce. It was there distinctly held that such services were not, *in and of themselves,* in contemplation of law, the necessaries which the marital relation bound the husband to furnish. At that time, divorce cases were triable to a jury, and the court instructed the jury in the trial of the cause that the defendant was not liable for professional services rendered to the wife of the defendant in procuring a divorce and alimony, if such divorce and alimony are obtained, unless he was employed by the defendant, either in person or agent, or unless the defendant promised to pay, or unless he was ordered to pay for such services by the court. This instruction was approved by this court, and the court said: "Without an expressed or implied promise on the part of the husband to pay the debts of the wife, he is only bound for necessaries."

In law, the term "necessaries" is understood to mean not only articles which are of absolute necessity, but also such things as are suitable to the fortune and condition of the person to whom they are supplied. The court then propounded this question: "Are the expenses incurred in carrying on a lawsuit for divorce necessaries, according to the technical meaning of the word?" and answered the question by saying, "We have not been able to find an author or an adjudicated case that regards the expenses of such suit in the light of necessaries."

At common law, the husband was bound to furnish the wife with those things which were reasonably suitable and necessary to her fortune and station in life. Out of this duty grew the right of the wife to pledge the credit of the

husband for these necessary things, whenever he failed to make provision for her in that respect. Out of the duty grew the obligation of the husband. Out of the obligation grew the right of the wife to pledge the credit of the husband for necessaries. Beyond them, the wife had no right to pledge the credit of the husband. In *Porter v. Briggs,* 38 Iowa 166, the question was again before this court. The opinion was written by Judge Beck. On rehearing and further argument, a supplemental opinion was written by Judge Day. In this case, the attorneys sought to recover for services rendered to the wife in defending her against an action brought by the husband for divorce on the ground of adultery. It was there held that the services rendered were necessary to establish the wife's innocence of the crime. The same rule involving the duty of the husband to furnish the wife with necessaries is here recognized. The difference in the pronouncement in this case and the *Johnson case, supra,* if any difference there is, lies in the facts of the case. The *Porter case* is distinguished from the *Johnson case, supra,* in that it was not shown in that case that the services rendered were necessary for the wife's protection. This *Porter case* rests the entire decision upon the thought that an attorney may recover for services rendered in such case, where it is shown that the services were *necessary* for the *protection* of the *rights* of the *wife.* It is apparent from all the reasoning that this case rests solely upon the finding that the services of counsel were necessary for the protection of the rights of the wife. Judge Day, in the rehearing, said: ''That inasmuch as ordinarily the husband possesses and controls their joint earnings, and the wife, without pecuniary means, would be utterly powerless in litigation with the husband, the law, from a sense of propriety and justice, implies a promise of the husband to pay the fees of an attorney *necessary* to the protection of the interests of the wife.''

It follows from the reasoning that it must appear that the services were necessary for the protection of the wife,

in order to justify recovery against the husband. The mere fact that a wife institutes a suit against her husband does not, in and of itself, show that it was necessary to do so to protect her rights. Neither does the mere fact that she defends against a suit brought by the husband against her show that it was necessary to do so in order to protect any right the wife had that was involved in the suit. In this case, it does not appear that any defense was interposed by the wife. The charges are "for reading the cross-petition and preparing motion." The record does not show that an answer was ever filed in the cause, or that any defense was made, or that she had any defense to the charges made in the cross-petition. Even in the chancery court, the allowance of suit money is largely under the control and discretion of the trial court. She is entitled to an allowance when it is shown that such allowance is necessary for the prosecution or defense of her suit. In granting temporary alimony, the court cannot prejudge the merits of the controversy.

Sec. 3177 of the Code provides: "The court may order either party to pay the clerk a sum of money for the separate support and maintenance of the adverse party and the children, and to enable such party to prosecute or defend the action."

Sec. 3179 provides: "In making such orders, the court or judge shall take into consideration the age and sex of the plaintiff, the physical and pecuniary condition of the parties, and such other matters as are pertinent, which may be shown by affidavits, in addition to the pleadings or otherwise, as the court or judge may direct."

It has been held that it is not necessary, to establish the right to suit money, that the application be made to the chancery court in the first place. Where the services secured are *necessary* for the protection of the wife, she may pledge the credit of the husband to that end. The question was again before the court in *Preston v. Johnson,* 65 Iowa 285. In this case, the amount in controversy being $100, it was

submitted to this court for its determination upon the following question: "In an action at law against a husband on an implied promise to pay for professional services rendered for his wife in an action by her for divorce, does the necessity for such services, or the implied promise therefrom by the husband to pay for the same arise when the verified allegation of the wife, with sufficient corroborating testimony of others, would, without conflicting testimony, entitle the wife to a divorce; or is it required, to establish such necessity for professional services to raise an implied promise, that the truth of the allegations must be established by a preponderance of the evidence?" The court answered the question by saying, "We think, conceding the facts stated in the question propounded to be true, that a prima-facie case for divorce would be made out which would justify an attorney in instituting action. The necessity for his services would then arise."

This case, too, recognizes that it must appear that it was necessary for the wife's protection that the suit be instituted, in order that recovery may be had for legal services. It appears that, in this case, the wife brought the action for a divorce. The ground upon which she predicated the right does not appear in the opinion. The opinion, however, states that the action was dismissed by the parties thereto. It does not appear on what grounds, or for what reason, but the opinion does show that the action was instituted in good faith, for the purpose of obtaining a divorce, and we assume that the allegations of the petition showed a right to a divorce if proven, and that, after the cause had been commenced and the services rendered by the attorney, the action was dismissed by the consent of both parties. While this case does not deal with the subject fully, we think it is in line with the thought expressed in the other cases to which reference has been made.

Where an action has been instituted by the wife to obtain a divorce and she is successful, that establishes not only the

right to maintain the action, but the necessity for it. A divorce cannot be granted unless the statutory facts exist upon which the right to a divorce may be predicated. The granting of a divorce establishes the existence of these facts, and the right of the plaintiff to the relief prayed for. The fact that services were rendered by an attorney in establishing this right shows not only that they were rendered for the wife, but that they were rendered in the enforcement of a legal right of the wife against the husband, and that the employment of such counsel was necessary to the securing of the right, and this conclusion rests upon the doctrine laid down by Judge Day in his opinion on rehearing in the *Porter case,* in which he says that ''as the husband possesses and controls their joint earnings, and the wife, without pecuniary means, would be utterly powerless in a litigation with the husband, the law, from a sense of propriety and justice, implies a promise on the part of the husband to pay the fees of the attorneys *necessary* to the protection of the interests of the wife.''

In *Sherwin v. Maben,* 78 Iowa 467, dealing with this same question, this court, after reviewing the prior cases, reached the conclusion that where a wife commences and prosecutes an action for divorce against the husband on false grounds or accusations, and where the suit is not necessary for the protection of the wife, her husband is not liable for attorney's fees. In this case, it was said, after discussing the cases of *Porter v. Briggs* and *Johnson v. Williams, supra,* and especially referring to the *Porter case:* ''The holding of the court does not seem to have been based upon any absolute right of the wife to recover because of services rendered for her in a divorce proceeding, but because she was placed in a position where protection was necessary.'' It was further said, in substance, that in that case the husband sought a divorce from the wife and charged her with adultery. On the trial, her innocence was established, and the court said: ''The holding in effect was that where a husband thus attempts to blast the reputation and happiness of his wife,

the expenses for her protection are chargeable against his estate as necessaries"; and again it is said in that case (meaning the *Porter case*) that where the action is not necessary for the wife's protection, the husband is not liable. The court further said: "In the case at bar, it does not appear that the grounds of the wife's complaints were true, or the expenses necessary. We think the rule announced in *Johnson v. Williams* is not overruled by the case of *Porter v. Briggs.*"

Further commenting on the case of *Preston v. Johnson, supra,* this court said that the point in that case is that the necessity for professional services may be determined from the verified allegations of the wife, with corroborating testimony uncontradicted, and in a trial to recover for the services, the attorney need not show that the wife was in fact entitled to a divorce. The decision goes merely to the question of how a certain fact may be established.

*Wald v. Wald,* 124 Iowa 183, was an action for a divorce on the ground of habitual drunkenness. There was a decree denying the divorce. No order for suit money was made until after a trial upon the merits and the judgment that the plaintiff was not entitled to a divorce. This court said: "The court then had no power to make the allowance under the facts presented in the case." We assume that this holding was upon the theory that the judgment against the plaintiff conclusively established that she was not entitled to a divorce, and that there was no necessity for her commencing the action and the services of the attorneys could not be deemed necessaries for which she could pledge the credit of her husband, or which she could require him to furnish.

*Gordon v. Brackey,* 143 Iowa 102, involved the liability of a husband for wife's attorney's fees in an action for divorce. It appears that the wife brought an action against her husband for divorce on the ground of cruel and inhuman treatment endangering her life; that proceedings were instituted, necessary pleadings prepared, and then, upon the solicitation and request of the husband, the wife dismissed the action.

The allegation of the plaintiff in the suit for wife's attorney's fees was that he acted in good faith in bringing the suit; that he then believed, and now charged the fact to be, that their client had a good cause of action and a sufficient ground for a divorce from the husband. A demurrer was interposed to the petition, demurrer was overruled and appeal taken, and upon a hearing in this court, the case was reversed. The contention on the appeal was that, if the wife has in fact a good ground for divorce, her counsel may hold her husband liable for services, even though the divorce proceedings were dismissed, and the divorce not granted. This court said: "But we do not think this can be allowed. To hold to such a rule would be to say that, after an estranged husband and wife have become reconciled to each other and settled all their domestic difficulties, a third party may put the merits of their former family strife in issue, and ask a jury to say the wife was entitled to a divorce which was never granted. Such a proceeding is against the policy of the law, and ought not to be tolerated. None of the authorities cited by appellant go to this extent, and we are not disposed to establish such a precedent."

If we assume that the allegations of plaintiff's petition above set out were sufficient, in and of themselves, to show that the wife was entitled to a divorce from the husband on the ground of cruel and inhuman treatment, and that the attorney acted in good faith in bringing the suit, and that at the time the suit was brought the wife had a good cause of action for a divorce, and sufficient ground for a divorce, we think this case is inconsistent with the rule laid down in *Preston v. Johnson, supra,* for it seems to be settled in the *Johnson case* that, even though the case is dismissed, if the action was brought in good faith by the attorney for the wife, and the wife at the time had good ground for divorce from the husband, the necessity for the services existed, and, the action being brought upon just grounds, the right of the

attorney to compensation for services would not be defeated by a subsequent dismissal of the case.

*Stockman & Hamilton v. Whitmore,* 140 Iowa 378, was an action to recover for services rendered the wife in an effort to procure a divorce. The grounds for the divorce were cruel and inhuman treatment. After trial on the merits, plaintiff's petition was dismissed. An action was then instituted to recover for services rendered the wife in the action. The court said: "The decree of the court was an adjudication that the wife was not entitled to a divorce. It was conclusive on both the plaintiff to the suit and her attorneys that she had no grounds for a divorce." It appears that in this case, the attorneys, in order to bring their case within the rule, alleged that on behalf of the plaintiff they had appealed the case to the Supreme Court, and that if it had been prosecuted in the Supreme Court and not dismissed, they would have procured a reversal. The court held that this allegation did not avail them; that the demurrer only admitted what was well pleaded, and, in effect, held that such allegation was a mere conclusion of the pleader, a mere assumption that was not capable of proof under any rule, and it was, therefore, not admitted by the demurrer, and it was held that the attorneys could not recover.

Appellant relies mainly on *Read v. Dickinson,* 151 Iowa 369. This was an action in which the attorneys bringing the action were employed by a wife to prosecute an action for separate maintenance. After the commencement of this action by the wife, defendant filed a cross-petition for divorce on the grounds of cruel and inhuman treatment. The issues were never tried. The parties jointly dismissed the action. The attorneys brought suit to recover for services rendered in defending against the cross-petition for divorce. A demurrer was filed to the petition and sustained, and on appeal was reversed. The court said in substance: The fact that the parties jointly dismissed the action can make no difference with the plaintiff's right to recover. The charges had been

made against the wife and made public.  She had a right to defend against them and to employ counsel for that purpose. The very fact of dismissal of the cross-petition is evidence of its want of merit.  The holding of this case, therefore, is that where an action is commenced against a wife, charging her with adultery, cruel and inhuman treatment, and drunkenness, or any other charge that affects the good name, reputation or integrity of the wife, she may defend against such charges, *if wrongfully brought,* and that, although it was never tried and determined that these charges were not true, yet the fact that the plaintiff dismissed the case is evidence of the want of merit.  The presumption is in favor of innocence.  The presumption is that the wife was not guilty of these heinous things.  The charge was made against her.  The presumption of innocence obtaining, she had a right to meet and refute the charges.  To this end, she had a right to employ counsel, and the mere dismissal of the case should not embarrass her action in so doing.  After dismissal, the presumption of innocence still obtains.  The dismissal was, in fact, an admission of the want of merit in the husband's claim.  It may be that the case was dismissed because of the defense interposed.  It follows, therefore, that upon the filing of the petition it became necessary for her protection that a defense be made, and, being necessary, the right to pledge her husband's credit in securing this grew out of the relationship of husband and wife.

Underlying all these decisions is the thought that, in proceedings for a divorce, whether commenced by or against the wife, it must appear that the prosecution or defense was necessary for her protection before the husband can be made liable for the services of the attorney in the cause.  Any other rule would lead to serious complications and embarrassments, and would not be just or equitable between the parties.  To hold that a wife can commence a suit against her husband for a divorce, without legal grounds therefor, and compel the husband to pay attorneys' fees incurred by her

in the prosecution of the suit, whether she afterwards dismiss the suit, or whether it is adjudged against her, would not be consonant with reason or the policy upon which the rule of necessaries rests.  Or to permit her to make a defense at the expense of the husband where no defense exists, and where, by reason of the absence of defense, no necessity therefor exists, would be to permit her, out of malice or caprice, to involve the husband in large expense with no corresponding good to the wife, and without necessity therefor.  Where she prosecutes or defends, the judgment entered is conclusive as to the existence or nonexistence of the facts upon which the suit is predicated, or the defense rests, and her failure to establish her claim, or a failure of the attorney in the suit for attorney's fees to show the existence of just cause and necessity for the suit or defense, defeats his right to recover. If the wife pleases to indulge in this sort of pastime, she must do so at her own expense.  She cannot pledge the credit of her husband to that end.

While this court is committed to the doctrine that an attorney employed by a wife in good faith to prosecute a suit for divorce, where it is shown that the necessity for the suit in the interest of the wife exists, may recover on the grounds that the husband is liable for necessaries furnished the wife, and while she may, when sued for a divorce, defend, where it is shown that it is necessary to do so for her protection, we think the rule ought not to be extended beyond the holding now made.

The holding, then, is that, to entitle an attorney to recover for services rendered the wife in divorce proceedings, it must appear that such services were necessary for the protection of the wife.

Courts are not agreed upon this question.  There is conflict among the authorities on the primary question of the husband's liability for counsel fees incurred by a wife in proceedings for a divorce, whether she be plaintiff or defendant. The following cases hold that there is no liability, and hold

this without qualification that, even on the ground of necessaries, if such a necessity exists, there is no liability. *Pearson v. Darrington*, 32 Ala. 227; *Dow v. Eyster*, 79 Ill. 254; *McCullough v. Robinson*, 2 Ind. 630 (Carter's Reports); *Yeiser v. Lowe*, 50 Neb. 310, 69 N. W. 847; *Morrison v. Holt*, 42 N. H. 478; *Wing v. Hurlburt*, 15 Vt. 607, 40 Am. D. 695. In this last case it was said:

"The husband is liable for necessaries furnished his wife, under such circumstances that it may be presumed he would have consented; but this usually means necessary meat, drink, clothing, medicine, etc.  When he turns her out of doors, without fault on her part, or she is compelled to abandon his house on account of his cruelty, she carries with her a credit for such necessary articles as may be essential to her maintenance and support and everything necessary for her safety and preservation.  For this purpose, legal assistance has been deemed, in some cases, to come within the meaning of necessaries, for which the husband is liable.  To exhibit articles of peace against him, to lay him under bonds to keep the peace towards her, is necessary for her personal security, to protect her from personal violence.  This was the decision of Lord Ellenborough in the case of *Shepherd v. Mackoul*, 3 Camp. 326.  When the wife was compelled to institute proceedings against him in law and equity, to compel him to furnish her with support and maintenance, the legal assistance furnished was deemed necessary, for which the husband was made liable. . . .  In all such cases, it is for the jury to determine whether her treatment was such as to justify any person in furnishing her with support or legal assistance contrary to the wishes of the husband.  . . .  But to dissolve the bonds of matrimony between them on her request, or to resist his petition for that purpose, cannot be considered as necessary for her safety or preservation so as to entitle her to procure professional assistance therefor, on his credit and at his cost. No case is found where this was ever attempted."

See *Isbell v. Weiss,* 60 Mo. App. 54; *Morrison v. Holt,* 42 N. H. 478, 80 Am. D. 120; *Kincheloe v. Merriman,* 54 Ark. 557, 26 Am. St. 60.

In *Morrison v. Holt, supra,* the court said:

"If a husband does not himself provide for a wife's support, he is liable for necessaries furnished her, even though against his orders. He is also liable for legal expenses, where the conduct of the husband has rendered them necessary for the personal protection and safety of the wife. . . .

"In order to charge the defendant in the present case (an action to recover attorneys' fees in a divorce suit), it is not sufficient for the plaintiff merely to show that the defendant's misconduct gave occasion for the proceedings instituted, but it must also appear that those proceedings were necessary for the personal protection and safety of the wife. . . . The proceedings here were not had for her present, or even future, support as defendant's wife, but were intended to dissolve the marriage contract and release her from the position of wife to the defendant, because of his past misconduct; they looked not to protection from any present or future act of her husband, but merely to the enforcement of a right to a change of future condition, that she claimed had arisen from his previous fault. It has not been the policy of our law to imply from the marital relation any authority in the wife to bind the husband for the expense of such proceedings; her implied authority, where it exists, seems to arise from the relation, if not as an incident essential to its preservation, certainly as a consequence of its continued existence, and not as a power reserved for its destruction. It is said that 'it is never necessary for the safety of the wife, as such, to obtain a divorce from her husband or resist his obtaining one from her.' . . .

"Upon the principles of the common law, the defendant is not liable in the present case. . . . It does not follow

that because the wife may have a right to a divorce, the husband is bound to furnish the means to obtain it.''

In *Kincheloe v. Merriman, supra,* it was said, in a case involving the question under consideration here: ''We cannot well understand how a suit for divorce could be necessary, or actually afford protection to the wife against personal abuse on the part of the husband.''

See also, *Clarke v. Burke,* 65 Wis. 359, 56 Am. Rep. 631.

Wisconsin had a statute under which the court might require the husband to pay sums of money for the support of the wife and to enable her to carry on an action for divorce. The court, commenting on the statute, said that ''the right to such suit money, as well as alimony, is, under the statute, wholly within the sound discretion of the court. Such was undoubtedly the rule in the ecclesiastical courts of England. But this is an action at law. It invokes no discretionary aid, and there is no authority in this action to exercise any. If the plaintiffs can recover, it is because they have a valid claim against the husband, as a matter of right. There is no pretense of any express promise or agreement on the part of the husband to pay the plaintiffs for the services rendered. There is no claim that the wife had any express authority to bind her husband to make such payment. The simple claim is that the services rendered were necessary to protect the peace, comfort, and rights of the wife, and hence there was in law an implied promise on the part of the husband to pay.'' The court passing upon the question said: ''The reasons for not allowing actions at law for such services in actions for divorce are aptly stated by the Connecticut case (citing *Shelton v. Pendleton,* 18 Conn. 417, 423), in which it is said: 'The duty of providing necessaries for the wife is strictly marital, and is imposed by the common law in reference only to a state of coverture, and not of divorce. By that law, a valid contract of marriage was and is indissoluble, and therefore by it, the husband could never have been placed under obliga-

tion to provide the expenses of its dissolution. Such an event was a legal impossibility. Necessaries are to be provided by the husband for his wife, to sustain her as his wife, and not to provide for her future condition as a single woman or perhaps as the wife of another man,' '' citing *Wing v. Hurlburt, supra; Conant v. Burnham,* 133 Mass. 503, 43 Am. Rep. 532; *Ray v. Adden,* 50 N. H. 82, 9 Am. Rep. 175, and cases heretofore cited. The court then proceeded to say: "There are cases holding that such an action may be maintained; but, upon the principles indicated, we decline to follow them, especially in view of our statutes."

In *Naumer v. Gray,* 5 N. Y. Ann. Cases 293, 28 App. Div. 529, 534, 51 N. Y. Sup. 225, that court held that an attorney can maintain an action against a husband for professional services rendered to the latter's wife in prosecuting an action on behalf of the wife against her husband for separation on the grounds of cruelty, but could not maintain an action for such services rendered in an action for an absolute divorce. Commenting upon the action for separate maintenance, the court said: "I think, from this collation of decided cases, it may be fairly said that the weight of American authority is in favor of the maintenance of an action like the present (i. e., separate maintenance). To succeed in it, the plaintiff must show affirmatively that the suit was for the protection and support of the wife, and that the conduct of the husband was such as to render its institution and prosecution reasonable and proper." And the court held that, upon such showing, the attorney who prosecuted the suit for separate maintenance may recover his fees, but that he could not recover fees for services rendered the wife in a suit for an absolute divorce. To the same effect is *McCurley v. Stockbridge,* 62 Md. 422.

On the other hand, there are cases supporting the doctrine as laid down in this state. *Sprayberry v. Merk,* 30 Ga. 81, 76 Am. D. 637.

*Gossett v. Patten,* 23 Kansas 340, was an action brought

by Patten, as attorney, against Gossett for attorney's fees, in defending an action brought by Gossett against his wife for divorce. The court said: "We think the real question involved in this case may be stated as follows: Where a husband sues his wife for a divorce, charging her with committing acts derogatory to her character, and it is necessary for her, in order to protect her character and good name, to employ counsel to defend her, and she employs such counsel, who performs services for her, . . . and she has *no estate or means to pay* for such services, and when she applies to the court in a divorce case for an allowance of alimony . . . and before the court renders its decision, her husband dismisses the action, . . . may such counsel afterwards maintain an action against the husband . . . for the value of his services rendered in such case? We think he may"—but the court proceeded: "Of course, where the services are unnecessary, or where the wife is able to pay for them, or where an allowance has been made for them, and probably where the wife is in the wrong, such an action could not be maintained. . . . This case comes under the rule of requiring the husband to pay for necessaries furnished the wife where the husband, without good cause, has failed or refused to furnish them himself." *McCurley v. Stockbridge,* 62 Md. 422; *Ceccato v. Deutschman,* 19 Tex. Civ. App. 432, 47 S. W. 739; *Peck v. Marling,* 22 W. Va. 708.

Applying the law, as we find it concretely to the case at bar, we are inclined to think that the plaintiff has not made out such a case as entitles him to recover for the services rendered for which he was allowed. In the instant case, it appears that the plaintiff instituted the action on her own initiative; that she employed counsel to prosecute the suit; that defendant appeared and filed a cross-petition; that thereupon the plaintiff dismissed her action and withdrew from the case; that thereupon the cause proceeded to trial upon defendant's cross-petition, and the court found the allegations of the cross-petition to be true, and granted to the defendant a divorce

from the plaintiff. The divorce could not be granted without an affirmative finding on the part of the court that the grounds alleged in the cross-petition, as a basis for the relief asked, were in fact true. Counsel, in the instant case, alleges that the charges were such as reflected on the character of his client, but, conceding that, the charges were established as true. They must have been, therefore, true at the time the petition was filed. The existence of the fact antedates the allegation or proof of the fact. Therefore, when these charges were made, they were true. The plaintiff's action in withdrawing from the case immediately upon the filing of these charges has persuasive, probative force upon the question of her knowledge of the truth of these facts. If the facts existed, her knowledge of the existence must have antedated the charge.

The statute provides the grounds upon which a divorce may be obtained. Any one of these grounds, unless justified, reflects upon the good name of the defaulting, erring spouse. The fact that the charges reflect upon her good name, if they were true, did not entitle her to employ counsel at the expense of her husband to defend against them. If this could be permitted, a wife who had been derelict in her duties under the statute, thereby laying a complete foundation for a divorce on the part of her husband, might, out of malice or caprice, involve him in great expense in proving the charges, even though they were absolutely true, and known by the wife to be true at the time. How it can be said to be necessary for a wife's protection to defend against charges of misconduct on her part, which, by her conduct, she admits to be true, and which, by the finding of the court, are established as true, does not occur to us at this time. The liability of the husband rests solely on the ground that the services were necessary for the protection of the wife, and from whatever angle this question has been approached by this court, the one central thought is found in all cases sustaining the right to maintain the action, and that is that the services rendered were neces-

sary for the protection of the wife, and all cases invoke the rule, in support of the conclusion reached, that the husband is liable, if at all, on the ground that the services rendered were necessary for the protection of the wife. The facts of this case do not show that to be true. We think, therefore, the court erred in allowing plaintiff anything in this cause, and the same is therefore—*Reversed.*

LADD, EVANS and PRESTON, JJ., concur.

EVANS, J.—I concur in the majority opinion. I do so with the saving suggestion that it does not purport to curtail the power of the divorce court to protect the wife's right of defending a divorce action at the expense of her husband, regardless of the final merits of such defense. I would not curtail such power of the court, nor encroach upon such right of the wife. Where, however, a husband has prosecuted his divorce action to a final adjudication and a decree has been entered therein in his favor, the attorney for the former wife cannot *thereafter maintain an independent action at law against such former husband for the professional services rendered to the wife in the divorce action.* Such has been our repeated holding in the cases cited in the opinion. None of our cases hold otherwise. And this last remark applies to *Read v. Dickinson,* 151 Iowa 369, which seems to be relied on as holding contrary to the previous cases. The allegation of the petition in the case at bar, that the wife had a good cause of action or a good defense in the divorce action, notwithstanding the decree to the contrary, was not available to the plaintiff herein. The issue thus tendered was susceptible to no proof except the decree actually rendered. Such was our express holding in the *Stockman* case, 140 Iowa 378.

DEEMER, C. J. (dissenting).—As the case was determined in the court below upon a demurrer to the petition, which admitted all facts well pleaded, we must accept the allegations of the petition as true. From these, it appears

that plaintiff, an attorney at law, was employed in the first instance by defendant's wife to bring an action against him (defendant) for a divorce; that defendant appeared to that action and filed an answer, and also a cross-petition, in which he sought a divorce from his wife, the plaintiff in the divorce suit. Pursuant to his original employment, and by the express direction of the wife, plaintiff filed an answer to defendant's cross-petition. The nature of this cross-petition was such as to injure the wife's name and standing, and plaintiff rendered the wife professional services in good faith for the protection of her name and standing against the charges made by her husband, and in order to procure for her the necessary means of support and proper maintenance during the course of the litigation, he (defendant) having notified dealers not to furnish the wife goods of any kind upon his credit. Plaintiff, in fact, had good and sufficient grounds for a divorce from her husband, but some time after the making up of the issues on the cross-petition, a decree of divorce was obtained thereon without the knowledge of the plaintiff. The trial court held, in effect, that, while plaintiff could not recover for services rendered the wife in preparing her action against her husband, he had the right to recover for services rendered her in preparing her defense to the cross-petition, and the appeal is from that ruling.

The majority correctly say that, as plaintiff has not appealed from the order, plaintiff's right to recover for services rendered the wife in the prosecution of her action is not involved, but they immediately proceed to a consideration of our holdings that an attorney cannot recover from the husband for services rendered the wife in an action brought by her wherein she is unsuccessful. These cases, to my mind, are entirely beside the mark. This appeal does not involve the right to compensation for such services, but for services rendered the wife in preparing her defense against an action brought by the husband. The fact that this action was, by cross-petition, filed in a suit brought by the wife is in no

manner controlling.  She might, had there been no cross-petition, have dismissed her suit, and that would have ended the controversy; but the defendant, by cross-petition, brought into the case an alleged cause of action held by him against his wife, and this the wife could not ignore or dismiss.  Why it was that she withdrew her appearance in the divorce action without consulting her attorneys is not explained; but it is agreed that the wife in fact had good and sufficient grounds for divorce against her husband, although, for some reason, she allowed her husband to take a decree against her on his cross-petition.  Plaintiff's services were rendered in absolute good faith, and if the wife was in fact entitled to a divorce, as the petition alleges, the husband was not in fact entitled to a divorce against her.  However this may be, plaintiff's services were rendered the wife in good faith to protect her good name and reputation, and to secure her support and maintenance during the trial of the action; and there was no decree or determination of the case against her until after the services now sought to be recovered were rendered the wife.

There is no express plea of fraud or connivance, and no showing as to the exact nature of the final decree, save that a decree was rendered on defendant's cross-petition.  There are no allegations as to the settlement of any property rights, and nothing to indicate the grounds of the cross-petition.

The exact question here is this:  May an attorney who is employed by a wife to render legal services in an action brought against her by her husband have compensation for his services from the husband when the husband is successful in his suit, the attorney rendering the services in good faith for the protection and security of the wife, she in fact having a good defense, although subsequently abandoning the same?  Upon this proposition, our cases are, I think, in entire harmony.  All of our decisions recognize the difference between services rendered by counsel in aid of an action brought by the wife, which fails for some reason or for no reason, and

like services rendered when the action is by a husband against the wife, especially where, as here, not only the good name and the fame of the wife are involved, but also her right to support. And this for the very good reason that the husband has denied his wife support and placed it out of her power to get it; and for the further reason that he himself has made the charges against the wife, and brought about the situation which authorizes her to act. If a stranger had brought a suit damaging to the wife's character or reputation, there could be no doubt of the husband's duty to employ counsel to defend against the suit, and if he neglected to do so, the wife could pledge his credit for that purpose, and this is undoubtedly the rule, even though the action were never prosecuted, or, if prosecuted, resulted in a finding against the wife. So long as the marriage relation exists, the husband is bound to protect the name and fame of his wife, and this does not cease because either he or some other person has the right finally to a judgment or decree which conclusively establishes the fault of the wife. Until that fault is judicially determined, the wife has the right to pledge the husband's credit. *Porter v. Briggs,* 38 Iowa 166.

In *Read v. Dickinson,* 151 Iowa 369, this court squarely held that "The fact that the parties jointly dismissed the action can make no difference with the plaintiff's right to recover. The charges had been made against the wife and made public. She had the right to defend against the charges in the cross-action and to employ counsel for that purpose, and whatever services were rendered her by the plaintiff in preparing her defense before the action was dismissed, the defendant is liable for under the rule of the cases cited. The very fact of the dismissal of the cross-bill is evidence of its want of merit."

Again, in *Preston v. Johnson,* 65 Iowa 285, 286, this court said: "The question under consideration seems to embrace this further proposition: whether the plaintiff in this case, in order to recover, must establish that the defendant's wife,

in the action for a divorce, was entitled to a decree. In other words, the proposition is whether the attorney who commences an action for a divorce for a wife against her husband is bound to establish, before he can recover from the husband for his services, that the wife was entitled to a divorce. This question must be answered in the negative. Conceding, as we must, that there is an implied liability imposed on the husband, we think that the attorney is entitled to recover for his services, when he acts in good faith, and there is no evidence of collusion, or that the action was brought for the purpose of oppression, and not to vindicate a right."

More conclusive still is *Clyde v. Peavy,* 74 Iowa 47. In that case, the husband brought action against the wife for adultery, and for cruel and inhuman treatment. She filed a cross-petition for a divorce from him because of cruel and inhuman treatment. On trial, both petition and cross-petition were dismissed. The wife's attorney brought action against the husband for attorney's fees. These were allowed, the court remarking: "The principle has been established in this state that in actions for divorce, the husband is liable to the wife's attorney for reasonable fees earned in conducting the litigation in behalf of the wife. This cannot be regarded as an open question. *Porter v. Briggs,* 38 Iowa 166; *Preston v. Johnson,* 65 Iowa 285."

Again, in *Baker v. Oughton,* 130 Iowa 35, 38, we said: "The argument in favor of this view is strengthened by the consideration that, where the husband seeks a divorce from his wife, whether originally or by cross-bill, he may properly be compelled to furnish her temporary support and to pay her attorney's fees; the reason evidently being that she should not be deprived of the means of making defense and that the court ought not to be compelled in advance to determine whether she has a good ground of defense. *Finn v. Finn,* 62 Iowa 482; *Sherwin v. Maben,* 78 Iowa 467; *Doolittle v. Doolittle,* 78 Iowa 691. Certainly there is no greater reason for allowing the wife temporary alimony and attorney's fees,

when the husband is seeking to procure a divorce from her on a ground that is sufficient on the face of it, than there is for allowing her the necessaries of life after he has driven her from home, and while she is endeavoring to secure a determination of the question whether his action was without justification.''

Without reference to the merits of the case, it is the universal custom of the district courts to allow, to a wife sued for a divorce, suit money whereby to make defense to the action; and the rule of this court is to allow a wife who is appellee suit money as against her husband's appeal, without any investigation in either event of the merits of the case. It would have been quite proper for plaintiff, as soon as defendant filed his cross-petition in the original divorce action, to move for suit money, including counsel fees, before his client had filed answer, and there is no reason why, having already performed the services in good faith, he should be denied recovery.

Where, as in this state, married women may employ attorneys in order to bring any kind of suit, they may, undoubtedly, bind themselves by any contracts they may make in connection with the litigation commenced by them, and there is much reason for saying that if they bring divorce suits against their husbands, and are unsuccessful, attorneys should look to them alone for their pay. On the other hand, if they are sued by their husbands, and are without ability to pay for their defense, they should have the power to employ attorneys and charge their husbands with the expense thereof, even though they be unsuccessful in the end; for they are entitled to make defense to such actions, and attorneys, so long as they act in good faith and upon probable cause, should have recompense from the husband, even though he be finally successful in the suit. Any other rule would, in effect, compel an attorney to guarantee results, and thus deprive a wife of the means whereby to make defense. It is useless to cite authorities from other states, especially from those states which deny attorneys the right to recover from the husband

in any case, no matter how meritorious. The matter is fully discussed in 2 Nelson on Divorce and Separation, Secs. 876 and 877.

The reasons underlying the rule denying recovery seem to be, first, that the old English or ecclesiastical law regarded the marriage tie as indissoluble; and second, if allowed in actions for divorce, it would tend to promote discord and a destruction of the marriage relation. Neither reason is tenable in this state; for our statutes make the husband liable for family expenses and for necessaries furnished the family, and also provide that the court may make allowances to either party in a divorce proceeding to enable such party to prosecute or defend the action.

In my opinion, the judgment should be affirmed.

WEAVER and SALINGER, JJ., concur in the dissent.