## J. W. GOSSETT v. H. H. PATTEN.

1. BILL OF PARTICULARS; *Practice in Supreme Court.* In an action brought by an attorney at law before a justice of the peace for services rendered in defending an action brought by a husband against his wife for divorce, the bill of particulars, which is sufficient in every respect, except that it does not specifically state to whom the plaintiff first gave the credit for his services, and does not state why an allowance for alimony *pendente lite*, including suit-money, was not made, will not be held to be fatally defective when the question is raised for the first time in the supreme court.

2. FACTS, *Showing a Cause of Action.* Where a husband sues his wife for a divorce, charging her with committing acts derogatory to her character, and it is necessary for her, in order to protect her character and good

name, to employ counsel to defend her, and she employs such counsel, who performs services for her, giving the credit, however, for his services to the husband, and she has no estate or means to pay for such services, and when she applies to the court in the divorce case for an allowance of alimony *pendente lite,* including suit-money, and before the court renders its decision on such application, her husband dismisses his action for divorce, and thus ends the suit, *held,* that such counsel may afterward maintain an action against the husband before a justice of the peace for the value of his (the counsel's) services, necessarily rendered in such divorce case.

*Error from Miami District Court.*

AT the October Term, 1877, of the district court, *Patten,* as plaintiff, recovered a judgment against *Gossett,* defendant, who brings the case here. The facts appear in the opinion.

*W. R. Wagstaff,* for plaintiff in error.

*H. H. Patten,* defendant in error, for himself.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by H. H. Patten, against J. W. Gossett, for attorney's fees for defending an action brought by Gossett, against his wife, Bridget C. Gossett, for a divorce. The only question in the case is, whether the plaintiff's pleading (a bill of particulars filed with the justice of the peace before whom this action was commenced) is fatally defective, or not. The plaintiff in error (Gossett) attempts to raise other questions, but as the case was submitted to the court below, without a jury, and as the court below made only a general finding in the case, and no motion for a new trial was made, and the evidence has not all been brought to this court, we cannot consider such other questions. As to the necessity for a motion for a new trial, see *Gruble v. Ryus,* ante, p. 195, and cases there cited.

We think the bill of particulars is sufficient in every respect, except that it does not specifically state to whom the plaintiff, Patten, first gave the credit for his services, and it does not state why Mrs. Gossett did not get an allowance of alimony *pendente lite,* including suit-money sufficient to pay

his attorney-fees. We do not think, however, that the bill of particulars is fatally defective in these respects, and especially not after verdict and judgment in favor of the plaintiff; and when the question is raised for the first time in the supreme court, it will be presumed that what was defectively stated in the bill of particulars was sufficiently proved on the trial. And, as all lawyers know, strictly formal pleadings are not required in a justice's court, but the pleading in this case stated that Mrs. Gossett had no estate, and hence it may be inferred, and especially after verdict and judgment, that the credit was given to Gossett. And various reasons might be given why suit-money was not allowed in the divorce case, as, for instance, that Gossett dismissed his divorce case (as was the fact) when suit-money was asked. We think the real question involved in this case may be stated as follows: Where a husband sues his wife for a divorce, charging her with committing acts derogatory to her character, and it is necessary for her, in order to protect her character and good name, to employ counsel to defend her, and she employs such counsel, who performs services for her, giving the credit however for his services to the husband, and she has no estate or means to pay for such services, and when she applies to the court in the divorce case for an allowance of alimony *pendente lite*, including suit-money, and before the court renders its decision on such application, her husband dismisses his action for divorce, and thus ends the suit, then may such counsel afterward maintain an action against the husband, before a justice of the peace, for the value of his (the counsel's) services, necessarily rendered in such divorce case? We think he may. (*Porter v. Briggs*, 38 Iowa, 166; *Warner v. Heiden*, 28 Wis. 517; *Shepherd v. Mackoul*, 5 Camp. N. P. 326; *Morris v. Palmer*, 39 N. H. 123; *Ray v. Adden*, 50 N. H. 82.) Of course, where the services are unnecessary, or where the wife is able to pay for them, or where an allowance has been made for them, and probably where the wife is in the wrong, such an action could not be maintained. But this is not one of such cases. This case comes under the rule

of requiring the husband to pay for necessaries furnished the wife where the husband without good cause has failed or refused to furnish them himself.

The judgment of the court below will be affirmed.

All the Justices concurring.