## SHERWIN & SCHERMERHORN V. MABEN.

**Divorce:** HUSBAND'S LIABILITY FOR WIFE'S ATTORNEY FEES. Where a wife commences and prosecutes an action for divorce against her husband, but the grounds of her complaint are not true, and the action is not necessary for her protection, her husband is not liable to her attorneys for their fees and advances made by them at the wife's request in the prosecution of the action. (See opinion for a review of former decisions of this court bearing upon the question.)

*Appeal from Cerro Gordo District Court.*—HON. G. W. RUDDICK, Judge.

### FILED, OCTOBER 14, 1889.

THE petition shows that, in 1885, the plaintiffs were a partnership engaged in the practice of law, and that as such they were employed to commence and prosecute a divorce proceeding for the defendant's wife against him, and that the suit was commenced and prosecuted in the district court for Cerro Gordo county, and on appeal in this court; that in the prosecution of such suit the plaintiff therein incurred costs and expenses, including attorney's fees, to the amount of $506.97, of which amount one hundred and fifty-two dollars was paid by the defendant under orders of the court. This suit is to recover a balance of $354.97 as fees for professional services and expenses incurred at

the instance of the wife of defendant in such proceeding. The petition in this suit sets out a copy of the petition in the former suit, showing that cruel and inhuman treatment was the alleged ground for the divorce. To the petition there was a demurrer assigning the following reasons : "That there are no facts in said petition and amendment that show that plaintiffs have any claim or right to recover from this defendant for said professional services on any written or implied contract, or on any agreement whatever by defendant to pay the debts of his said wife, Josie A. Maben; that the petition and amendment thereto do not show that the professional services rendered said defendant's wife were necessary, as contemplated by law." The district court sustained the demurrer, and entered judgment for defendant, from which the plaintiffs appeal.

*Blythe & Markley*, for appellants.

*J. H. McConlogue*, for appellee.

GRANGER, J.—The arguments lead us to consider former decisions of this court bearing on the question, as counsel for both parties claim support therefrom, and to some extent, as is frequently the case, the opposing sides claim support from the same authority. The two grounds of the demurrer properly embody a proposition to this effect. Where attorneys in good faith render professional services for a wife in a divorce proceeding against her husband, does the law imply a promise on his part to pay therefor ? In considering the proposition it may be assumed that the law does imply such a promise as to necessaries for the wife. The cases cited for our consideration are *Johnson v. Williams*, 3 G. Greene, 97; *Porter v. Briggs*, 38 Iowa, 166, and *Preston v. Johnson*, 65 Iowa, 285. Counsel for appellant close their argument with the remark : "We rest this case upon the law as laid down in *Porter v. Briggs* and *Preston v. Johnson*," with a claim that the former overrules the law as announced in *Johnson v. Williams*. Counsel for appellee with equal confidence

relies upon the authority of the latter case, and claims the rule to be followed in *Porter v. Briggs*, and closes with the remark: "It is not necessary to cite further authorities on this matter." Let us look to the cases.

The conclusiveness of *Johnson v. Williams* as an authority against appellant is not questioned, unless it has been since overruled. It could not well be, for in a case like this it approved an instruction "that the defendant was not liable for professional services rendered to the wife of defendant in procuring a divorce and alimony, if such divorce and alimony are obtained, unless he was employed by defendant either in person or agent, or unless defendant promised to pay, or unless he was ordered to pay for such by the court." None of the grounds on which liability is recognized in the instruction are claimed in this case.

I.　Is the rule announced in *Johnson v. Williams* overruled in *Porter v. Briggs?* The very language of the case seems decisive of the question, and that it is not. By reference to the opinion, when referring to the case of *Johnson v. Williams*, it says: "The decision of that case is not in conflict with our conclusion above announced, while the reasons upon which it is based must be admitted to conflict with our views." We suppose that correct decisions are sometimes not based on sound reasoning, and hence it does not necessarily follow that a conflict of views in opinions must lead to a conflict in the conclusions reached. We may not inaptly quote the remark that courts sometimes give "very poor reasons for very good decisions." The court further attempts to distinguish the cases, and, again referring to *Johnson v. Williams*, says: "It was not shown that the services rendered in the action for divorce in that case were necessary for the wife's protection,—a fact that is the very ground upon which we base our conclusions in this case." The holding of the court does not seem to have been based on any absolute right of the wife to recover because of services rendered for her in a divorce proceeding, but because she was placed in a position where protection was necessary. The

husband, seeking his divorce, charged the wife with adultery, and on the trial her innocence was established, and the holding in effect was that where a husband thus attempts to blast the reputation and happiness of his wife the expenses for her protection are chargeable against his estate as necessaries, within the meaning of the law fixing his liability for her support. The opinion is further guarded by these words: "There may be a wide difference as to the liability of the husband between the case where the wife prosecutes the action and one which is brought by the husband." And again it is said in that case that where the action is not necessary for the wife's protection, the husband is not liable. In the case at bar it does not appear that the grounds of the wife's complaint were true, or the expenses necessary. We think the rule announced in *Johnson v. Williams* is not overruled by the case of *Porter v. Briggs*.

II. We next look to the case of *Preston v. Johnson* to determine its effect on the question before us. A superficial view of the case is likely to give it an undue importance. The amount involved in the case was less than one hundred dollars, and the question for determination arose on the certificate of the circuit court. A reference to the opinion will show that the court in that case held that the question before us did not arise in that case under the question certified. The opinion says: "Counsel for the appellant insist that an implied promise on the part of the husband to pay for the services of an attorney employed by his wife to prosecute an action for divorce does not arise under the circumstances stated in the foregoing question. To this counsel for the appellee responds that no such question is presented by the record, and this we think is so. It is assumed in the question propounded that an implied liability is imposed on the husband to pay an attorney employed by his wife to prosecute an action for a divorce. We are simply asked whether the necessity for the services of the attorney would arise under the facts stated in the question." Thus it will be seen that

the question before us was not decided in that case, but assumed in the record as a basis for the question therein decided; and the point is that the necessity for the professional services (in an action for their value) may be determined from the verified allegations of the wife, with corroborating testimony uncontradicted, and that the attorney need not, to entitle him to recover, show that the wife was entitled to a divorce. The decision goes merely to the question of how a certain fact may be established. In that case the legal point in dispute here, as held by the court, was not involved, and hence the case is no guide to a conclusion, and the case of *Johnson v. Williams* as authority is undisturbed by adjudication.

A late case, that of *Clyde v. Peavy*, 74 Iowa, 47, is not cited by counsel, but it may be well to notice its bearing on the question before us, in order to save the rule as announced from embarrassment by it. And here, too, it is important to have well in mind the precise question under consideration by the court, to attach the proper significance to the language used. It is true, in that case, that the opinion, by way of introducing the controverted question, states a rule of liability in somewhat liberal terms, but entirely correct, as applied to the facts of the case. · In that case, also, the parties did not controvert the rule of a general liability of the husband for fees in such cases; the point of dispute therein being that the plaintiff was not employed by the wife, and that, if he rendered service, it was as assistant counsel, and that the assistance was unnecessary. The opinion says: "The principle has been established in this state that in actions for divorce the husband is liable to the wife's attorney for reasonable fees earned in conducting the litigation in behalf of the wife. This cannot be regarded as an open question." It cites *Porter v. Briggs* and *Preston v. Johnson*. The point involved in the case of *Preston v. Johnson* has been noticed in this opinion, and its citation in that case must have been through inadvertence, the point having a mere incidental reference. · The case of *Porter*

*v. Briggs* is like that of *Clyde v. Peavy*, the wife in each case being a defendant, charged with adultery, and her innocence established. In the latter case, also, the wife by way of cross-action sought a divorce from her husband, but no point is made as to that. Under the authority of *Porter v. Briggs*, Clyde was entitled to recover, and the statement in his case should receive no broader meaning than is applicable to its facts, and evidently nothing more was intended. The case of *Johnson v. Williams* is not referred to in the opinion, and the issues presented were not such as to justify a reconsideration of the question involved therein. As the case is presented to us only in the light of the adjudications in this state, we do not think it advisable to consider the point from other bearings, in the absence of briefs from counsel. The judgment of the district court is                                                     AFFIRMED.