CHAMBERS, Respondent, vs. JACOBIA, Appellant.

*April 6 — April 25, 1899.*

*Appealable orders: Partnership.*

Suit having been brought against a firm, composed of defendant and another, existing at the time the cause of action arose but which had been dissolved before suit brought, defendant assuming and agreeing to pay all its liabilities, judgment was rendered in form against both the firm and defendant. Thereafter and without notice to defendant or his attorneys, an order was entered amending the judgment and all papers in the action *nunc pro tunc* so as to make the judgment a judgment against defendant doing business in the name of the firm. On appeal from an order denying defendant's motion to vacate the order allowing the amendment and also the original entry of judgment, *held*, that no substantial right of defendant, either legal or equitable, was affected, and that the order appealed from was not appealable.

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Appeal dismissed.*

The action was commenced to recover a sum of money alleged to be due plaintiff on contract from George E. Jacobia & Co. *George E. Jacobia* was duly served with process and he caused an answer to be made to the complaint in the name of the company. On the trial of the case it appeared by due proof that, at the date of the alleged contract, the firm of George E. Jacobia & Co. was composed of *George E. Jacobia* and Frank A. Ross, but that before the commencement of the action it was dissolved and *George E. Jacobia* assumed and agreed to pay all its liabilities. A verdict was rendered in plaintiff's favor for $423.75, and thereafter judgment was rendered in form against George E. Jacobia & Co. and *George E. Jacobia.* At a subsequent term of the court within a year from the rendition of the judgment, on motion of plaintiff's attorney, without notice to Jacobia or his attorneys, the record was amended *nunc pro*

*tunc* to make the judgment in form against *George E. Jacobia* doing business in the name of George E. Jacobia & Co., and all papers to correspond therewith. Execution was subsequently issued, pursuant to which certain real estate of *Jacobia* was advertised for sale. Pending the sale, *Jacobia*, by his attorney, moved the court for an order vacating the aforesaid amendatory order and the judgment against *Jacobia* personally. The motion was denied and *Jacobia* appealed.

For the appellant there was a brief by *Dickinson, Kennedy & Graham,* and oral argument by *S. N. Dickinson.*

*A. C. Titus,* for the respondent.

MARSHALL, J. Appellant's counsel has not pointed out the statute under which this appeal can be sustained. It falls under subd. 2, sec. 3069, Stats. 1898, which allows an appeal from an order affecting a substantial right made in a special proceeding or upon summary application in an action after judgment, if under any provision of the appeal statute. No substantial right of appellant was affected either by amending the record, the denial of the motion to vacate the amendment, or the original entry of judgment in form against him as well as the firm of George E. Jacobia & Co. The original judgment, so far as it was against George E. Jacobia & Co., was enforceable against appellant's individual property and against no other property, because, as it appears by the moving papers, there was no partnership property then in existence. Equity also, so far as concerns appellant, required the judgment to be enforced solely against his property because the firm had passed out of existence and he had assumed and agreed to pay all its liabilities. Nothing of which appellant complains affects, prejudicially, his legal or equitable rights in the slightest degree. Therefore the order appealed from was not appealable and the appeal must be dismissed.

*By the Court.*— The appeal is dismissed.