THE STATE OF KANSAS, *ex rel. Galen Nichols, etc.*, v.
S. F. WRIGHT.

No. 13,273.   ( 73 Pac. 50. )

Error from Shawnee district court; Z. T. HAZEN, judge.
Opinion filed July 10, 1903.   Affirmed.

*Welch & Welch, Otis E. Hungate*, and *Galen Nichols*, for The State.

*Troutman & Stone*, for defendant in error.

*Per Curiam:* In 1899 a part of the territory of school district No. 22 of Shawnee county was added to the city of Topeka for school purposes.   There were at the time outstanding bonds of the district issued to build a schoolhouse located in the territory so attached to the city. There was considerable money in the hands of the school-district treasurer, and more was afterward paid him as the proceeds of taxes levied upon all of the original district. In 1893 the legislature passed an act (Laws 1893, ch. 128) providing a method for effecting a property and money adjustment between the municipalities affected by such a transaction.   One step in this method was the determination by the county superintendent of the value of the school property of the district and the moneys due to or in the hands of the district treasurer, and the apportionment of the amount equitably due to the district or to the city board of education, as the case might be.   Nothing was done or attempted under this act until after the decision of *Board of Education v. The State*, 64 Kan. 6, 67 Pac. 557, which involved the same state of facts, and in which it was held that the board of education was liable for the payment of such bonds.   On May 19, 1902, a proceeding in mandamus was begun in the district court in the name of the state as plaintiff, on the relation of the county attorney, to require the county superintendent to act under such statute and make such valuation and apportionment.   On

motion, the alternative writ was quashed, and plaintiff as plaintiff in error now seeks to reverse this order.

This whole matter is merely a business or property controversy between the board of education of the city of Topeka and the school district. Any action by the board against the district is obviously barred by the statute of limitations and by laches. This mandamus was probably brought in the name of the state to avoid the force of this consideration. The duty of the superintendent under the statute was to the municipalities, and not to the state or to the public, except in the sense in which the board and the district represent the public. The state had no real interest in the matter.

The judgment is affirmed.