STOCKMAN & HAMILTON ET AL., Appellants, v. JOHN F. WHITMORE, Appellee.

**Divorce:** LIABILITY OF HUSBAND FOR WIFE'S ATTORNEY FEES. Attorneys
1 for the wife in a divorce action can only recover their fees from the defendant upon establishing her right to a decree, so that where her petition was dismissed upon a trial on the merits it was an adjudication against recovery from defendant, and an appeal of the action dismissed by the wife prior to submission did not affect the character of the adjudication.

**Same:** PLEADING: DEMURRER. An allegation in an action against the
2 husband to recover attorney's fees for services in an unsuccessful divorce action by the wife, that if she had permitted the submission of an appeal a reversal would have been obtained, was a mere assumption incapable of proof and therefore not admitted on demurrer.

**Same:** TAXATION OF ATTORNEY'S FEES. After the determination of
3 a divorce suit on its merits adversely to the plaintiff the court has no further power to tax attorney fees against the defendant.

*Appeal from Iowa District Court.*—HON. O. A. BYING-
TON, Judge.

TUESDAY, NOVEMBER 24, 1908.

THIS is an action for attorney's fees for services rendered to the wife of defendant, in a divorce suit brought in her behalf against the defendant. Defendant demurred to the petition. The lower court sustained the demurrer, and entered judgment dismissing plaintiffs' petition, and for costs. Plaintiffs appeal.—*Affirmed.*

*Stockman & Hamilton* and *R. W. Pugh* in *pro. per.*

*Yoss & Wallace,* for appellee.

EVANS, J.—According to the averments of the petition, the plaintiffs were employed by Lucy Whitmore, the wife of the defendant, to bring an action of divorce in her behalf against the defendant. The ground of the divorce charged was cruel and inhuman treatment. After a trial of the divorce case upon its merits the district court dismissed the petition. From this judgment the plaintiff in that action took an appeal to the Supreme Court. Afterwards, and before the submission of the case in this court, the plaintiff and appellant therein dismissed her appeal. The plaintiffs herein served as her attorneys throughout the trial in the lower court, and up to the time of the dismissal of the appeal in this court. Such appeal was dismissed by Mrs. Whitmore without the advice or consent of her attorneys, and contrary to their opinion. The plaintiffs aver that their services were worth the sum of $500, and they ask judgment for that amount, less $77.19, already received by them from some other source. The plaintiffs contend generally that upon this state of facts, the defendant is liable to them for the value of the services so rendered by them to his wife, on the ground that the services were necessary to the proper protection of the wife.

I. The decree of the district court in the divorce case was an adjudication. It was conclusive on the plaintiff therein, and on her attorneys, that she had no grounds of divorce. The taking of an appeal to this court did not affect the character of the decree as such adjudication. Nor did the pendency of the appeal suspend the operation of the decree as an adjudication. Nothing short of a reversal or modification by this court could affect such adjudication. Mrs. Whitmore was within her rights in

1. DIVORCE: liability of husband for wife's attorney's fees.

dismissing such appeal.   The case is therefore ruled by *Sherwin v. Maben,* 78 Iowa, 467, and *Johnson v. Williams,* 3 G. Greene, 98.   Counsel attempt to distinguish the case at bar from the *Sherwin* case, but there is no distinction in the principles involved.   Whatever difference there is, is in favor of the *Sherwin* case, in that the lower court in that case granted a decree to the plaintiff wife, which was afterwards reversed by this court.   It was held in that case that the plaintiff could not maintain his action for attorney's fees for services in either court; the final adjudication being conclusive upon him.

The plaintiffs herein have averred in their petition that if the appeal had been prosecuted to a hearing in this court, they would have obtained a reversal of the judgment below.   They contend that this allegation distinguished their case from the cases above referred to, and that its truth is necessarily admitted by the demurrer.   The demurrer admits only such facts as are properly pleadable and properly pleaded. The allegation referred to is a mere assumption, and is incapable of proof under any rule of evidence known to the law.   It is not therefore, to be deemed admitted by the demurrer.

*2. SAME:*
*pleading:*
*demurrer.*

II.   The court before which a divorce case is tried is clothed with power to award suit money and attorney's fees pending litigation, and before the determination of the merits of the case.   Such power is ample protection to the wife, and ample remedy to her attorneys.   After the determination of a divorce case upon its merits adversely to the plaintiff, even the court trying such case loses its power to award further attorney's fees.   *Wald v. Wald,* 124 Iowa, 184. We can conceive of no reason, either in the law or in good public policy, why an independent action should thereupon arise in favor of the attorneys against the opposing party.

*3. SAME:*
*taxation of*
*attorney fees.*

Appellants cite, *Porter v. Briggs,* 38 Iowa, 166; *Preston v. Johnson,* 65 Iowa, 285, and *Clyde v. Peavy,* 74 Iowa, 47. But this case does not come within the rule of those cases. Those cases are all discussed and distinguished in the *Sherwin* case. *Porter v. Briggs* and *Clyde v. Peavy* were both cases wherein the husband himself brought the action as plaintiff, and charged his wife with adultery, as a good ground of divorce. The wife in those cases was not in the court of her volition. In *Preston v. Johnston* the question here considered was not passed upon at all by this court. It was a certified case, and the question certified did not include the point which we are now considering.

The ruling on the demurrer was right, and the judgment is *affirmed.*