THE MISSOURI PACIFIC RAILWAY COMPANY *et al.*
v. H. B. STONE.

No. 15,952.

SYLLABUS BY THE COURT.

RAILROADS—*Obstruction of Underground Farm Crossing—Injunction—Damages*. On the law of this case as declared in a former opinion, *Stone v. Railway Co.*, 75 Kan. 600, and the findings of fact, the judgment is affirmed.

Error from Coffey district court; FREDERICK A. MECKEL, judge. Opinion filed April 10, 1909. Affirmed.

### STATEMENT.

H. B. STONE, the owner of a farm in Coffey county, brought this suit to enjoin the defendants from maintaining an embankment which obstructed an underground passage connecting the two portions of his farm separated by the railroad, and to recover damages sustained during the time the obstruction continued. The road belongs to the Kansas & Colorado Pacific Railway Company, but has been operated by the Missouri Pacific Railway Company since 1901. It was constructed in 1885, by the Interstate Railroad Company, which acquired a right of way through plaintiff's farm by condemnation. The plaintiff appealed from the award of the commissioners, and a jury in the district court gave him an increased amount of damages, which the company paid.

The principal issue of fact is whether the award of damages was made by the jury upon the basis of a reservation allowing the plaintiff a right to an underground passage. The plaintiff claims that the Interstate Railroad Company, orally, through its agent, U. W. Weston, who was its commissioner of right of way, agreed to maintain the passageway, and that at the time the appeal from the condemnation proceedings was tried and when the jury viewed the premises

the road had already been constructed across his farm with a double underground passage, which was maintained until 1901, when the defendants proceeded to fill a part of the passage with an embankment.

On the first trial the court found generally for the defendants, and the plaintiff brought the cause to this court, where the judgment was reversed. (*Stone v. Railway Co.*, 75 Kan. 600.) After the cause was reversed and sent back for trial the defendants by leave of court filed an amended answer. In addition to a general denial the answer contained (1) a verified denial of the agency of Weston as commissioner of right of way of the Interstate Railroad Company, (2) a claim that the plaintiff had stood by and permitted the subway to be filled and had taken no steps to prevent the action of the railroad company, and was therefore estopped, and (3) that the defendants filled up the passageway in order to strengthen their road and for the public good, and without damage to the plaintiff. On the second trial the court found for the plaintiff and gave him a permanent injunction restraining the defendants from maintaining the obstruction, and awarded him $480 damages which accrued during the time the obstruction was maintained. The defendants have brought this proceeding in error.

*W. P. Waggener, B. P. Waggener,* and *E. N. Connal,* for the plaintiffs in error.

*W. W. Brown,* and *J. D. Frazier,* for the defendant in error.

The opinion of the court was delivered by

PORTER, J.: The judgment must be affirmed. The law of the case was declared in the former opinion and controls, and the facts found by the trial court compel a judgment in favor of the plaintiff.

The first judgment was reversed for the reason that the uncontradicted evidence, excluding that given orally, established the fact that the right of way was

acquired subject to the plaintiff's right of passage by means of the subway left at the time the road was constructed, and it was held that an injunction should have been granted. The contention therefore that injunction is not the proper remedy is precluded by the former opinion. (*Headley v. Challiss,* 15 Kan. 602; *Rettman v. Richardson,* 17 Kan. 413; *Crockett v. Gray,* 31 Kan. 346; *Kansas City v. Brady,* 53 Kan. 312; *The State v. Morrison,* 67 Kan. 144.)

On the second trial plaintiff offered additional testimony, both oral and record, which strengthens his case. The findings of fact made by the court are very full and complete, and are amply sustained by the evidence.

No new principle of law was brought into the case by the amended answer. As to the first defense, the court found that Weston was the agent of the Interstate Railroad Company for the purpose of acquiring a right of way and constructing the road, and that as such agent he agreed orally with the plaintiff that a wide underground passageway would be constructed on the plaintiff's farm and permanently maintained, and, further, that a double underground passageway was left according to this agreement and continuously used by the plaintiff until obstructed by the defendants in 1901. Another finding is that the double underground passageway was there when the jury viewed the premises. As to the second defense, the court found that at the time the defendants made the embankment and filled the passageway the plaintiff protested and objected, but his protest was of no avail to prevent the action of the defendants, and that he has not at any time given his consent that the passage should be filled. We are aware of no principle of estoppel that applies to these facts. The court properly refused to find as a fact that the defendants filled up the passageway for the purpose of strengthening their road and for the public good. It may be conceded that such was the purpose of the defendants, but this would give them no license to appropriate the property rights.

of the plaintiff except by regular condemnation proceedings. The court found as facts the separate items of damage which the plaintiff sustained by reason of the obstruction. The evidence sustains these findings, and entitles the plaintiff to the damages which the court allowed.

The judgment is affirmed.