No. 20,171.

REBECCA M. EISENBISE (AL KEISER, as Assignee, etc., *Appellant*), v. J. M. EISENBISE, *Appellee.*

SYLLABUS BY THE COURT.

DIVORCE—*Stipulation for Attorney's Fee—Action Dismissed—Judgment for Attorney's Fee at Subsequent Term—Judgment Void.* Where the parties to a divorce suit file a stipulation that the defendant shall pay a stated amount as the fee of the plaintiff's attorney, and the cause is dismissed without any order having been made in reference thereto, the court has no jurisdiction at a subsequent term to render judgment for such payment.

Appeal from Gove district court; JACOB C. RUPPENTHAL, judge. Opinion filed May 6, 1916. Affirmed.

*John R. Parsons,* of Quinter, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

MASON, J.: On August 11, 1910, Rebecca Eisenbise brought action against J. M. Eisenbise for divorce and alimony. On September 2, 1910, the parties by their attorneys signed a stipulation which was filed in the case, providing that on or before October 1, 1910, the defendant should pay to the clerk of the court $250 for the benefit of the plaintiff's attorney, in full payment of her claim for her attorney's fees. The stipulation has never been complied with. On October 17, 1910, the case was dismissed at the cost of the defendant. On April 1, 1914, Al Keiser filed a motion asking for an order requiring the defendant to pay the $250 provided in the stipulation to him as the assignee of the plaintiff's attorney. On June 23, 1914, the court, upon notice, heard the motion and sustained it, rendering a judgment ordering the money to be paid into court within sixty days. On August 11, 1914, the defendant filed a motion to set aside this judgment on the ground that it was void. On December 4, 1914, this motion was sustained, and from this last order an appeal is taken.

If at or before the dismissal of the suit an order had been made for the payment of the money, the omission to make

an entry of the fact could, of course, be corrected at any time, and the court could direct the record to be amended so as to show the truth in that regard. (*Martindale v. Battey*, 73 Kan. 92, 84 Pac. 527; *Christisen v. Bartlett*, 73 Kan. 401, 84 Pac. 530.) But on December 4, 1914, the court undertook, not to direct a record to be made of a judgment that had been rendered in 1910, but to render the kind of a judgment ·that might have been, and perhaps should have been, but was not rendered at that time. Jurisdiction for that purpose was lost with the expiration of the term at which the case was dismissed. The payment of the amount named in the stipulation might have been enforced in a separate action (*Gossett v. Patten*, 23 Kan. 340), but not by any further order in the proceeding which had been dismissed. The judgment for the payment of the money, being void, was properly set aside at a subsequent term. (Civ. Code, § 598.)

The order setting aside the judgment is affirmed.