No. 19,918.

HUTCHINGS, SEALY & Co., a Partnership, etc., *Appellees*, V. THE
MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

BILL OF LADING—*Issuance without Receipt of Goods—Former Appeals—
Changing Grounds of Defense—Estoppel.* The proceedings considered,
and held that the defendant is estopped by its answer to the petition
and by adjudications of this court in its favor in former appeals from
asking that the rights of the parties be now determined by federal
statutes claimed to be applicable.

Appeal from Labette district court; ELMER C. CLARK, judge.
Opinion filed June 10, 1916.   Affirmed.

*W. W. Brown,* and *James W. Reid,* both of Parsons, for the
appellant.

*F. M. Harris,* of Ottawa, *Alexander New, Arthur Miller,
Edwin Camack,* and *Maurice H. Winger,* all of Kansas City,
Mo., for the appellees.

The opinion of the court was delivered by

BURCH, J.: This is a third appeal. The nature of the con-
troversy is sufficiently indicated in the former opinions, which
dealt with the pleadings. (*Railway Co. v. Hutchings,* 78 Kan.
758, 99 Pac. 230; *Hutchings v. Railway Co.,* 84 Kan. 479, 114
Pac. 1077.) The case has been tried on its merits and judg-
ment has been rendered in favor of the plaintiff. The de-
fendant appeals. The principal contention is that the bills of
lading which are the foundation of the action are void under
federal statutes which govern the rights of the parties.

The defendant filed a general demurrer to the plaintiff's peti-
tion, which was overruled. On the first appeal, which was taken
by the defendant, it was argued that the demurrer should have
been sustained. No suggestion was made to the court that the
case was governed by federal law, and this court adjudged that
the demurrer was properly overruled. In its answer the defend-
ant expressly pleaded that the bills of lading were made in the
state of Missouri, were Missouri transactions, and were gov-

15—98 KAN.

erned by the law of Missouri. The statutes of the state of Missouri were set out, decisions of the Missouri courts construing the statutes were cited, and it was expressly alleged that the law of Missouri governed the rights and duties of the parties to the action. On the first appeal this answer was held to be good against the plaintiff's demurrer. The plaintiff replied, setting out the decisions of the courts of Missouri bearing on the subject. The defendant demurred to the reply. On the second appeal it was determined that the question raised was presented in such form that it became one of law for the court and not one of fact for a jury, and the law of the state of Missouri was declared. On these pleadings the case went to trial. A jury was waived, and at the beginning of the trial the following stipulation was made:

"Any decision of the Supreme Court of Missouri, or of any appellate court of Missouri, which any counsel in the case may call to the attention of the court or the Supreme Court of Kansas, or any other court, may be construed as having been offered in evidence; that the Constitution of the State of Missouri and its amendment creating the Kansas City Court of Appeals, and the St. Louis Court of Appeals, and the statutes creating the Springfield Court of Appeals, may be regarded as having been offered in evidence."

The plaintiff offered the bills of lading in evidence. The defendant objected on the ground the bills of lading were void under the laws of the state of Missouri and under the interstate commerce laws. The objection was overruled, and the record is barren of any other suggestion that the interstate commerce laws applied. On its side of the case the defendant offered in evidence the statutes of the state of Missouri which it had pleaded.

Having appealed from the judgment of the district court overruling the demurrer to the petition, and having kept silent then with respect to the application of the federal law, the action of this court is an adjudication of the law of the case, binding on the defendant. The defendant can not be allowed to settle the law of the case piecemeal any more than it can be allowed to settle the facts in that way. (*Estes v. Zinc Co.*, 97 Kan. 774, 156 Pac. 758.) Besides this, the defendant chose to defend the action on the express ground, pleaded *in extenso*, that the bills of lading were governed by the law of the state of Missouri and that the rights and duties of the parties in respect to the mat-

ters complained of in the petition were defined by the Missouri law.   The defendant presented this subject to this court on the first appeal and procured the following adjudication in its favor:

"In an action against a common carrier based upon bills of lading, involving no question with respect to the right of the carrier to limit its common-law liability, the rights and obligations of the parties are to be determined by the law of the place where the contract was made.

"In an action against a common carrier to recover moneys advanced on the faith of bills of lading issued by the agents of the carrier without the actual receipt of the property, an answer which alleges that the bills were executed and delivered in the state of Missouri, that when they were issued the statutes of that state made it unlawful for a common carrier to issue bills of lading without the actual receipt of the property, and that the supreme court of Missouri has held and still holds, in construing the statute, that all such bills of lading are absolutely void and that no action can be maintained thereon by any holder or assignee, states a good defense as against a demurrer."   (*Railway Co. v. Hutchings,* 78 Kan. 758, syl. ¶¶ 3, 4, 99 Pac. 230.)

This adjudication was binding on the defendant and on the trial court, and the defendant could not at the subsequent trial, without asking permission to change the issue and while still asserting that the Missouri law governed, shift its defense to some other law.   Having been defeated on the theory of the litigation which it proposed and which it induced this court to accept, the defendant is in no position to ask this court to adopt a new theory according to which the propriety of the judgment shall be tested.   It is estopped by its pleading and by the adjudications of this court in its favor based on that pleading.

There is nothing else of consequence in the case.   The law of Missouri was determined on the second appeal, and that adjudication became the law of the case.   Some Missouri decisions later than those considered on the second appeal are cited.   If they were conclusive this court might consider the subject of modifying its former opinion, but they are not so, and the views there expressed are adhered to.

It was decided on the first appeal that the action was not barred by limitation, and nothing contained in the abstract indicates that the ruling was wrong or that the plaintiff lost its remedy through laches, which was not pleaded, or lack of diligence.

The proof was ample that the bills of lading were issued by the authority of an officer for whose conduct the defendant must answer.

The provision in each bill of lading, that in case of loss or damage sustained by the property receipted for liability should be computed on the basis of the value of the property at the time and place of shipment, has no application. There was no loss or damage sustained by any property receipted for or any shipment of property at any time when or place where value could be assessed. There was no wheat shipped, or to be shipped, or lost, or damaged.

The contract was to deliver wheat to the plaintiff at Galveston. The breach consisted in nondelivery at Galveston, and the plaintiff's loss consisted in its advancements, such advancements being less than what the property itself would have been worth to the plaintiff at Galveston. Adopting the plaintiff's theory, however, the judgment may be sustained by applying payments received to the unsecured portion of the plaintiff's claim, as the law authorized the plaintiff to do and as the law would do in the absence of application by either debtor or creditor. (*Crane v. Terminal Railway Co.*, post.)

The plaintiff's loss was due at once and was readily determinable by computation, and consequently interest was properly allowed.

Other contentions of the defendant are without substantial foundation and the judgment of the district court is affirmed.