No. 28,134.

WILLIAM F. OGG, *Appellant,* v. SOPHIA M. OGG, *Appellee.*

(267 Pac. 977.)

Opinion filed June 9, 1928. 

*S. D. Scott* and *S. T. Seaton,* both of Olathe, for the appellant.

*C. W. Gorsuch* and *C. B. Little,* both of Olathe, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: On July 9, 1925, William F. Ogg sued his wife, Sophia M. Ogg, for divorce. On consideration of her motion therefor the court allowed her $100 suit money and attorney's·fees, which plaintiff paid, and also allowed her as temporary alimony $50 per month beginning August 1, 1925, which payments plaintiff has made. There was other litigation between the parties growing out of their marital relations, some of which reached this court (*Ogg v. Ogg,* 122 Kan. 244, 252 Pac. 205; id., 124 Kan. 443, 260 Pac. 647). For some reason, perhaps because of the other litigation, there was delay in bringing this divorce action to trial. In March, 1927, defendant applied for additional temporary alimony and suit money, which was allowed in the sum of $502.70, and was paid. The merits of this allowance are not before us for review—it is mentioned simply as a part of the litigation. The divorce case was tried on its merits

in April, 1927. Defendant resisted plaintiff's action for divorce, but had no cross petition for divorce, or other affirmative permanent relief. The trial of the divorce case on its merits resulted in a judgment for defendant. Plaintiff filed a motion for a new trial, which was not disposed of until September 30, 1927. During the pendency of this motion plaintiff continued to pay the $50 per month temporary alimony in accordance with the order of the court soon after the action was filed. In June, 1927, defendant filed a motion for an additional allowance of $425.68. This motion, and plaintiff's motion for a new trial, were presented to the court on affidavits and argument September 13, and were taken under advisement. On September 30, the court having advised the parties he was ready to decide the motions, they appeared in court, and plaintiff then asked permission to withdraw his motion for a new trial, which request was granted. The court then ruled on defendant's motion for an additional allowance, and allowed the same in the sum of $225.68.

Plaintiff's appeal in this case is from this order making this allowance of $225.68. No point is made of the fact that the order for this allowance was made a few minutes after plaintiff had withdrawn his motion for a new trial, for plaintiff conceded that both motions had been submitted to and considered by the court and were ready for decision. (See *Gossett v. Patten,* 23 Kan. 340.)

Appellant contends that the district court had no jurisdiction to award temporary alimony or expense money after the final rendition of the judgment in the divorce action, especially as the term of court at which the judgment was rendered had expired and no jurisdiction to make further orders concerning alimony had been reserved, and that under R. S. 60-1507 temporary alimony is simply an interlocutory relief which expires with the entry of final judgment along with the power to make further orders of that character.

It cannot be said that the court had no jurisdiction to entertain and pass upon the motion. The case had not been finally disposed of in the trial court. It was still pending on plaintiff's motion for a new trial, which the court had jurisdiction to sustain or overrule. Had the judgment in the case on its merits or the ruling of the court disposing of the motion for a new trial been appealed, this court would have had authority, as a part of its appellate jurisdiction, to make any appropriate order for temporary alimony and expense money pending the disposition of the case in this court. (*Kjellander*

*v. Kjellander,* 90 Kan. 112, 132 Pac. 1170.) If plaintiff's contention, that after the judgment in the case on the merits and before disposing of the motion for a new trial and an appeal to this court the trial court had no jurisdiction to entertain a motion of this kind, is correct, then there would be a period of time from the beginning of the action until its final disposition in this court when neither the district court nor this court would have authority to entertain such a motion. There is no reason to so construe our statute as to make such a hiatus in jurisdiction.

In 2 Bishop on Marriage and Divorce, 6th ed., § 393, in speaking of suit money and temporary alimony, it is said:

"Though the common course is to make this allowance whenever the case is ripe for it, as will be hereafter explained, yet it is equally proper, on specific application for it, at any stage of the proceeding, whether before or after a verdict or appeal. And it is the same of temporary alimony to the wife."

For the purpose of allowing temporary alimony and suit money the jurisdiction of the trial court continues as long as the case is pending (R. S. 60-1507) in any form in that court (1 R. C. L. 881; 19. C. J. 209, 210). Appellant cites *Davis v. Davis,* 141 Ind. 367. It does not support his contention. See, also, *Hilker v. Hilker,* 153 Ind. 425. Appellant cites *Stockman v. Whitmore,* 140 Ia. 378. This was an action by the attorneys of a wife who had sued her husband for divorce, and after a judgment against her on the merits and an appeal had been taken, had dismissed her appeal on her own motion against the husband for legal services rendered the wife. It was held plaintiff could not recover. The holding appears to be in conflict with our decisions (*Gossett v. Patten,* supra; *Eisenbise v. Eisenbise,* 98 Kan. 108, 157 Pac. 416), but cases on this point, many of which are collected in 25 A. L. R. 354, have little bearing on the question before us. Appellant cites *Coons v. Coons* (Mo. App.), 236 S. W. 364. There a divorce was granted to the husband plaintiff at the May term of court. Defendant filed a motion for a new trial. About two months later, and at the September term of court, defendant filed a motion for temporary alimony, which the court overruled, on the ground of lack of jurisdiction. This ruling was sustained by the court of appeals. The case differs from the one before us. There the divorce had been granted and the marriage relation dissolved. Here the divorce had been refused and the marriage relation continued. We have not analyzed the Missouri reports to see if, under them, there is a period of time which, in a case such as the one be-

fore us, no court would have jurisdiction to sustain a motion for support and suit money; and counsel has not analyzed them with this point in view. But if such be the holding of the courts of that state it does not accord with our judgment and with the rule which appears always to have prevailed in this state. Under our policy there is no time, from the beginning of the action in the trial court until its final disposition on appeal, if it be appealed, when either the trial court or this court does not have jurisdiction to entertain such a motion.

Appellant cites *Roe v. Roe*, 52 Kan. 724, 35 Pac. 808; *McCormick v. McCormick*, 82 Kan. 31, 107 Pac. 546, and allied cases, holding that where a divorce is granted and no provision is made for alimony in the decree, and the question is not reserved by the court, a later action for alimony cannot be maintained. These cases are, of course, not in point on the question before us.

Appellant cites *Earls v. Earls*, 26 Kan. 178, in which an order for temporary alimony is spoken of as being an order preparatory to trial, and in which it was said:

"Its force is spent before any trial is had or any decision reached upon the merits of the case."

The language correctly characterized the order in the case then before the court, but the opinion does not attempt to be a thesis on the subject of temporary alimony and suit money, and the language should be interpreted with respect to the question then before the court. Appellee cites this case on the point that appellant's appeal cannot be maintained, for it was there held that there could be no appeal from an order allowing alimony *pendente lite* before the disposition of the case in the court below. But the case is not authority on that point, for the case before us has been disposed of in the court below. On the termination of the divorce suit, the order for the payment of temporary alimony became a final judgment. (*Paul v. Paul*, 121 Kan. 88, 245 Pac. 1022.) Considering all the arguments presented we conclude the trial court was not without jurisdiction to entertain the motion and make the order complained of.

Appellant contends that the award was erroneous on its face for the reason that it was for items of personal expense by defendant necessitated by her illness which arose after the hearing of the case on its merits, and argues that the previous allowance of $50 per month then being paid should have been notice to the world that

that was the limit of plaintiff's liability. This contention lacks merit. Allowances of this kind may be modified—either increased or diminished—as changed circumstances warrant. It is further contended that the court erred in adjudicating the amount of the award in a summary manner. The application· was by written motion, the hearing was on affidavits filed by both parties pertaining to all features of the controversy. This is the ordinary way of hearing such applications.

Lastly it is argued that the order was not justified by the evidence. Having filed no motion for a new trial appellant is not in position to be heard upon that question. In *Union Nat'l Bank v. Fruits,* 124 Kan. 440, 260 Pac. 638, it was held:

"In the absence of a motion for a new trial there can be no reëxamination of issues of fact."

Earlier cases are there cited.

The judgment of the court below is affirmed.